[Cite as *State v. Schwieterman*, 2010-Ohio-102.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MERCER COUNTY

STATE OF OHIO,

     PLAINTIFF-APPELLEE,              CASE NO.  10-09-12

     v.

NICHOLAS SCHWIETERMAN,         **O P I N I O N**

     DEFENDANT-APPELLANT.

**Appeal from Mercer County Common Pleas Court
Trial Court No. 08 CRM 22**

**Judgment Affirmed**

**Date of Decision:   January 19, 2010**

APPEARANCES:

    *Eric J. Allen* **for Appellant**

    *Matthew K. Fox*  **for Appellee**

**ROGERS, J.**

{¶1} Defendant-Appellant, Nicholas Schwieterman, appeals from the judgment of the Court of Common Pleas of Mercer County denying his petition to vacate or set aside his judgment of conviction or sentence. On appeal, Schwieterman argues that the trial court erred in denying his petition without holding an evidentiary hearing; in failing to find that the State violated his due process rights by destroying exculpatory evidence; in finding that the prosecutor did not engage in misconduct; in failing to find that his trial counsel was ineffective; and, in finding that he is not innocent of the crime. Finding Schwieterman's claims in his petition to be barred by res judicata, we affirm the judgment of the trial court.

{¶2} In April 2008, the Mercer County Grand Jury indicted Schwieterman on four counts of involuntary manslaughter in violation of R.C. 2903.04(A), felonies of the first degree; four counts of aggravated vehicular homicide in violation of R.C. 2903.06(A)(1)(a), (B)(1),(2)(a), felonies of the second degree; one count of possession of drugs in violation of R.C. 2925.11(A), (C)(4)(a), a felony of the fifth degree; one count of operating a vehicle while under the influence of alcohol or drugs in violation of R.C. 4511.19(A)(1)(a), (G)(1)(a)(i), a misdemeanor of the first degree; one count of operating a vehicle while under the influence of alcohol or drugs in violation of R.C. 4511.19(A)(1)(b), (G)(1)(a)(i), a

misdemeanor of the first degree; four counts of aggravated vehicular homicide in violation of R.C. 2903.06(A)(2)(a), (B)(1),(3), felonies of the third degree; and, one count of trafficking in drugs in violation of R.C. 2925.03(A)(1), (C)(4)(a), a felony of the fifth degree.[1]  The indictment arose from a March 15, 2008, automobile accident in which Schwieterman, while under the influence of alcohol and cocaine, failed to stop and yield at a stop sign and collided with another vehicle, killing its four occupants.  Subsequently, Schwieterman entered a not guilty plea to all counts in the indictment.

{¶3}  In May 2008, Schwieterman filed a motion to suppress, arguing that his oral and written statements made to police, the DNA evidence seized from his vehicle, his wallet and other indentifying information seized from his vehicle, and the results of blood and urine tests for alcohol and drugs must be suppressed. Shortly thereafter, Schwieterman withdrew the part of his motion relating to DNA evidence.

{¶4}  In July 2008, subsequent to a hearing on the suppression motion, the trial court overruled Schwieterman's motion to suppress.

{¶5}  Thereafter, the State filed a motion for change of venue pursuant to Crim.R. 18, arguing that, due to the small population of the county, the

---

[1] We note that Schwieterman was previously indicted by the Mercer County Grand Jury on ten counts in Mercer County Common Pleas Court case number 08-CRM-016.  However, that indictment was dismissed, and a new sixteen-count indictment was filed in Mercer County Common Pleas Court case number 08-CRM-022, the case before us on appeal.

prominence in the county of the families involved, the extensive number of witnesses, all of whom were residents of the county, and the extensive media publicity of the proceedings, the jury pool would be substantially affected and potentially tainted.

{¶6} In August 2008, Schwieterman filed a motion to strike the State's motion for a change of venue, arguing that the motion had no legal basis and that he did not desire a trial. Subsequently, the trial court granted Schwieterman's motion to strike.

{¶7} In October 2008, pursuant to the agreement of the parties, Schwieterman withdrew his not guilty plea and entered a plea of no contest to four counts of involuntary manslaughter in violation of R.C. 2903.04(A), felonies of the first degree; one count of possession of drugs in violation of R.C. 2925.11(A), (C)(4)(a), a felony of the fifth degree; and, one count of operating a vehicle while under the influence of alcohol or drugs in violation of R.C. 4511.19(A)(1)(a), (G)(1)(a)(i), a misdemeanor of the first degree. In exchange, the State entered a nolle prosequi on all other counts in the indictment. Moreover, Schwieterman entered into the following stipulation of facts:

> **On or about March 15, 2008, at approximately 2:51 a.m. Deputies [sic] from the Mercer County Sheriff's Office were dispatched to an injury collision at the intersection of County Road 716A and Brockman Road in Mercer County, Ohio. When they arrived on scene, they observed a grey [sic] Pontiac Bonneville off the road in the northwest corner of the**

**intersection. It was severely damaged and the rear end of the vehicle had collided with the utility pole located in the field at the northwest corner of the intersection. They observed further a red Pontiac Grand Prix in a field further northwest of the grey [sic] Bonneville. The red Pontiac Grand Prix was also severely damaged. The investigation revealed that the 1996 Pontiac Bonneville was traveling westbound on Brockman Road when it failed to yield the right-of-way and/or stop for the stop sign that controls the intersection of 716A and Brockman Roads. The Bonneville collided with the red 1995 Pontiac Grand Prix which had been traveling northbound on County Road 716A at the time of the collision. The Pontiac Grand Prix was being operated by Jordan Moeller and passengers in the vehicle were Jordan Diller, Bradley Roeckner and Jordan Goettemoeller. All four occupants in the Pontiac Grand Prix died as a proximate result of the collision.**

**Deputies approached two male individuals identified as Nicholas Schwieterman and Kyle Schmitmeyer. They both had blood shot eyes and strong odors of alcohol on or about their persons, also Nicholas Schwieterman [sic] speech was slurred and he was hard to understand. They both initially denied they were driving the Bonneville, they were both read Miranda rights and were both transported to Coldwater Community Hospital/Mercer Health. Upon questioning Schwieterman at the hospital he admitted he was the driver of the motor vehicle and Schmitmeyer also indentified Schwieterman as the driver. Schwieterman consented to a blood draw and urine sample after being read the BMV 2255 form. The blood sample was submitted to the Ohio State University Medical Center Clinical Laboratories for forensic testing on March 15, 2008. Mr. Schwieterman was arrested for Aggravated Vehicular Homicide and transported to the Mercer County Jail.**

**The Ohio State University Medical Center Clinical Laboratories completed their analysis of the blood sample and conclude [sic] that Mr. Schwieterman had a concentration of one hundred thirty-four thousandths (0.134) of one percent by weight per unit volume of alcohol in Schwieterman's whole blood.**

> **The Ohio State University Medical Center Clinical Laboratories completed their analysis of the urine sample collected from Mr. Schwieterman after the crash. The test concluded the Defendant possessed 7990 ng/ml of Cocaine in his urine. The test also concluded that the Defendant possession 48 ng/ml of THC in his urine.**

(Oct. 9, 2008 Stipulation of Facts on No Contest Plea, pp. 1-2).

{¶8} In November 2008, the trial court sentenced Schwieterman to a six-year prison term on each count of involuntary manslaughter, to be served consecutively, a twelve-month prison term on the possession of drugs count, and a six-month jail term on the count of operating a motor vehicle while intoxicated, both to be served concurrently to his sentences for involuntary manslaughter, for a total prison term of twenty four years. Subsequently, Schwieterman appealed the trial court's sentence.

{¶9} In May 2009, we affirmed Schwieterman's conviction and sentence in *State v. Schwieterman*, 3d Dist. No. 10-08-17, 2009-Ohio-2304 (*Schwieterman I*), finding that his sentence did not violate the Eighth Amendment to the United States Constitution, which prohibits cruel and unusual punishment, and that the trial court did not err in imposing consecutive and non-minimum sentences, as set forth in his assignments of error.

{¶10} However, on May 7, 2009, prior to our decision in *Schwieterman I*, Schwieterman filed a petition to vacate or set aside his judgment of conviction or sentence and a request for an evidentiary hearing, arguing that he was denied due

process under the Fifth and Fourteenth Amendments to the United States Constitution due to the State's failure to fully investigate the accident, the State's destruction of exculpatory evidence, specifically the airbag sensors from the victim's automobile, and the prosecutor's misconduct during the trial. Additionally, he contended that he was denied the effective assistance of counsel by trial counsel's failure to investigate the State's allegations of how the automobile accident occurred and by trial counsel's failure to give proper advice regarding the plea agreement. Finally, Schwieterman also argued that his incarceration was a violation of the Eighth and Fourteenth Amendments to the United States Constitution due to his actual innocence.

{¶11} Subsequently, the State filed its response to Schwieterman's petition, arguing that he failed to set forth sufficient evidence to warrant an evidentiary hearing on the matter, and that his factual claims provided no legal basis for vacating his conviction or sentence.

{¶12} In July 2009, the trial court denied Schwieterman's petition, stating the following in its judgment entry:

> **The basis for petitioner's first due process claim is that the State failed to fully investigate the facts which gave rise to the charges. Specifically, the petitioner claims that the Mercer County Sheriff should have referred the matter to the Ohio State Highway Patrol so that its accident reconstruction unit could have used its computer simulation to analyze the information gathered by the Sheriff's Department, including measurements and photographs. Plaintiff further alludes to the failure of the**

**investigation to obtain readings from the air bag sensors from the two vehicles involved in the crash. Petitioner claims that such an investigation would have shown that the petitioner was not the cause of the crash.**

**Although additional evidence may have been obtainable from the air bag sensors and the accident reconstruction software, a post-conviction court can only reverse for inadequate investigation when the petitioner shows a deprivation of due process tantamount to a suppression of relevant evidence. * * * Here, the alleged speed of the vehicles and whether or not the petitioner came to a complete stop before entering the intersection is irrelevant. It is well settled that any contributory negligence of a victim cannot be a defense to a vehicular homicide unless it is the sole proximate cause of the accident. (See *State v Langenkamp* (2000), 137 Ohio App.3d 614, 620 and *State v. Garland* (1996) 116 Ohio App.3d 461.) Since the petitioner failed to yield the right-of-way, it cannot be said that the speed of the victims' vehicle was the sole proximate cause of the crash.**

**\* \* \* The record reflects that the State gave the petitioner a meaningful opportunity to present any defense he may have had or claimed to have during these proceedings. There is no evidence, nor does petitioner claim, that he was not provided all relevant information uncovered by the investigation of the incident which gave rise to the charges against him. Further, there is no evidence that the petitioner was denied his right to conduct his own investigation into the cause of the crash. Most importantly, there is no evidence that the State did anything or failed to do anything in its investigation of the facts of this matter that could result in a deprivation of the petitioner's due process rights to have all relevant evidence disclosed to him.**

**Petitioner's second claim that he was denied due process is based upon his allegation that the State destroyed exculpatory evidence in the form of air bag sensors attached to the 1995 Grand Prix automobile which was driven by Jordan Moeller \* \* \*. Factually, the petitioner claims that the air bag sensors contained information on how fast each of the vehicles involved**

in the crash were traveling at the time of impact. Petitioner relies on the opinion of Wilbur R. Meredith, III, who was retained by petitioner's counsel to evaluate and reconstruct the subject accident and whose affidavit is attached as Exhibit A to the petition. Mr. Meredith opines that the 1995 Grand Prix automobile driven by Jordan Moeller was traveling in excess of the posted speed limit, while petitioner was traveling at 12 miles per hour.

A review of Mr. Meredith's affidavit establishes that Mr. Meredith's opinion is consistent with the relevant portions of the stipulation of facts entered into by the petitioner. * * * Although Mr. Meredith's testimony may have been "potentially useful" in plea negotiations, his affidavit does not contain facts that could be expected to play a significant role in petitioner's defense. * * * His testimony does not support petitioner's claim that he was not at fault and therefore not criminally responsible for the crash * * *.

Furthermore, petitioner has acknowledged that the detective from the Mercer County Sherriff's Office attempted to recover the information from the * * * air bar sensor, but neither he nor the automotive technician who attempted to recover the information from the sensor were able to obtain any readings. * * *

* * *

With regard to petitioner's third due process claim that the Mercer County Prosecutor's Office was guilty of misconduct, nothing in the record supports this claim. Further, petitioner does not allege misconduct by the prosecutor's office outside of the record that would constitute misconduct. * * *

* * *

The petitioner's fourth and fifth claims are that he was denied effective assistance of counsel * * *, first, by failing to properly investigate how the accident occurred; and second, for failing to give sound advice regarding the plea agreement. The record

**does not support his claim that trial counsel's advice impaired the knowing and voluntary nature of his no contest plea.**

**\* \* \***

**Petitioner's claims regarding his counsel's failure to fully investigate the collision by retaining the services of an accident reconstruction expert do not fall below the objective standard of reasonable representation because the decision to rely on cross-examination of the prosecution's witness instead of producing a defense expert is trial strategy and does not itself constitute ineffective assistance.  In addition, both attorneys for the petitioner visited the accident scene and thereby observed the scene of the crime first-hand.  \* \* \* As previously explained, even though petitioner's newly-retained counsel has obtained additional evidence from an independently hired accident reconstruction expert, that evidence does not contradict the facts as set forth in the stipulation of facts submitted at the change of plea hearing \* \* \*.  Therefore, the petitioner was not prejudiced by the actions of his counsel, even if trial counsel's assistance could be deemed ineffective.**

**\* \***

**In petitioner's sixth claim that his Eighth and Fourteenth Amendment rights were violated based upon his claim that he is actually innocent of the crimes for which he entered pleas of no contest [sic] is not supported by the record, including the evidentiary materials attached to the petition.**

**Specifically, petitioner claims that the new evidence his attorneys have gathered in the form of accident reconstruction data proves that he is actually innocent of the crime for which he plead to; therefore, his incarceration is cruel and unusual punishment. However, Ohio courts have generally followed the United States Supreme Court holding in *Herrera v. Collins* (1993), 506 U.S. 390, that "a claim of 'actual innocence' is not itself a constitutional claim."  See *State v. Watson* (1998) 126 Ohio App.3d 316.  \* \* \***

> **Even if "actual innocence" was a valid constitutional claim for post-conviction relief, the petitioner would still not be entitled to such relief because the evidence regarding the alleged speed of the victims' vehicle and the location of the trees that allegedly blocked the petitioner's view does not demonstrate that he is actually innocent since that evidence establishes that nothing other than the petitioner's failure to yield the right-of-way was the sole proximate cause of the collision.**
>
> **\* \* \***
>
> **Petitioner has requested a hearing on his petition. In order for the trial court to grant a hearing, the petition, the supporting documentation, and the court record must contain sufficient operative facts to establish substantive grounds for relief. \* \* \***
>
> **In considering each of the petitioner's claims, the court has considered the petition, the supporting affidavits, and the documentary evidence in support thereof, as well as all the files and records pertaining to this proceeding against petitioner. Based thereon, the court hereby determines that there are not substantial grounds for the relief sought by the petition. \* \* \***
>
> **The court, having considered the factors listed by the Supreme Court of Ohio in *State v Calhoun* (1999), 86 Ohio St.3d 279, and based upon the entire record, the court concludes that there is no basis for granting petitioner's request for a hearing on his petition for post-conviction relief.**

(July 23, 2009 Judgment Entry, pp. 4-8).

{¶13} It is from the trial court's denial of his petition to vacate or set aside his judgment of conviction or sentence that Schwieterman appeals, presenting the following assignments of error for our review.

*Assignment of Error No. I*

**THE TRIAL COURT ERRED IN DENYING THE POST CONVICTION PETITION WITHOUT HOLDING AN EVIDENTIARY HEARING.**

*Assignment of Error No. II*

**THE TRIAL COURT ERRED IN MAKING A SPECIFIC FINDING THAT THE GOVERNMENT DID NOT VIOLATE HIS RIGHT TO DUE PROCESS GUARANTEED BY THE FIFTH AMENDMENT TO THE FEDERAL CONSTITUTION MADE APPLICABLE TO THE STATES BY THE FOURTEENTH AMENDMENT BY DESTROYING POTENTIALLY EXCULPATORY EVIDENCE.**

*Assignment of Error No. III*

**THE TRIAL COURT ERRED IN MAKING A SPECIFIC FINDING THAT THE PROSECUTOR HAD NOT ENGAGED IN MISCONDUCT.**

*Assignment of Error No. IV*

**THE TRIAL COURT ERRED IN SPECIFICALLY FINDING THAT TRIAL COUNSEL WAS EFFECTIVE PURSUANT TO THE SIXTH AMENDMENT OF THE FEDERAL CONSTITUTION MADE APPLICABLE TO THE STATES BY THE FOURTEENTH AMENDMENT.**

*Assignment of Error No. V*

**THE TRIAL COURT ERRED IN SPECIFICALLY FINDING THAT THE APPELLANT IS NOT ACTUALLY INNOCENT OF THE CRIME FOR WHICH HE PLEAD [SIC] NO CONTEST.**

{¶14} Due to the nature of Schwieterman's arguments, we elect to address his assignments of error together.

*Assignments of Error Nos. I, II, III, IV, and V*

**{¶15}** In his first assignment of error, Schwieterman argues that the trial court erred in denying his petition to vacate or set aside his judgment of conviction or sentence without holding an evidentiary hearing. Specifically, he contends that the trial court was required to conduct an evidentiary hearing on the petition because the supporting affidavits and other documentary evidence attached to the petition set forth sufficient facts to establish substantive grounds for relief.

**{¶16}** In his second assignment of error, Schwieterman argues that the trial court erred in finding that his due process rights were not violated by the State's destruction of potentially exculpatory evidence. Specifically, he asserts that the State destroyed the information from the airbag sensors removed from the victims' automobile which would have revealed that the victims' vehicle was traveling in excess of eighty m.p.h., thereby exonerating his negligence as being the proximate cause of the victims' death.

**{¶17}** In his third assignment of error, Schwieterman contends that the trial court erred in finding there to be no prosecutorial misconduct. Specifically, he argues that the prosecutor's presence at the scene of the automobile accident, directing what evidence to collect and what evidence to discard, and the prosecutor's comments to the media regarding the case created an atmosphere of injustice and prejudice in the case, resulting in the denial of his right to a fair trial.

{¶18} In his fourth assignment of error, Schwieterman argues that the trial court erred in denying his petition on the grounds that he was denied the effective assistance of trial counsel. Specifically, he asserts that trial counsel failed to properly investigate the State's claim on how the accident occurred and counseled him to accept a plea bargain that waived his ability to challenge any constitutional infirmities on appeal.

{¶19} In his fifth assignment of error, Schwieterman contends that the trial court erred in denying his petition on the grounds that he was actually innocent of the crime. Specifically, he argues that his negligence was not the proximate cause of the automobile accident because the victim was traveling well in excess of the posted speed limit and he was unable to see the victim's vehicle before proceeding through the stop sign due to a row of trees obstructing his view.

{¶20} Generally, a defendant has the option of challenging a judgment of conviction and sentence in one of two ways: by filing a direct appeal within thirty days of the judgment entry of conviction and sentence, or by filing a petition for postconviction relief pursuant to R.C. 2953.21. *State v. Driskill*, 3d Dist. Nos. 10-07-03, 10-07-04, 2008-Ohio-827, ¶10, citing *State v. Jones,* 3d Dist. No. 4-07-02, 2007-Ohio-5624, ¶8. R.C. 2953.21 provides the grounds for a petition for postconviction relief and states, in pertinent part:

> **Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was**

> **such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.**

R.C. 2953.21(A)(1)(a).

**{¶21}** Here, Schwieterman's petition to vacate or set aside his judgment of conviction or sentence is a petition for postconviction relief. In reviewing the trial court's ruling on a petition for postconviction relief, we will not reverse the ruling absent an abuse of discretion. *State v. Gondor,* 112 Ohio St.3d 377, 2006-Ohio-6679, ¶58. An abuse of discretion connotes more than an error of law or judgment and implies that the trial court acted unreasonably, arbitrarily, or unconscionably. *State v. Nagle* (2000), 11th Dist. No. 99-L-089, 2000 WL 777835, citing *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219. When applying an abuse of discretion standard, a reviewing court may not simply substitute its judgment for that of the trial court. Id.

**{¶22}** A defendant challenging his conviction and sentence pursuant to a petition for postconviction relief is only entitled to a hearing on the petition where "there are substantive grounds for relief that would warrant a hearing based upon the petition, the supporting affidavits, and the files and records in the case." *Jones,* 2007-Ohio-5624, at ¶12, citing *State v. Strutton* (1988), 62 Ohio App.3d

248, 251. However, where the trial court determines there to be no grounds for substantive relief, it may dismiss the petition without an evidentiary hearing. *Driskill*, 2008-Ohio-827, at ¶13, citing *Jones*, 2007-Ohio-5624, at ¶14.

{¶23} Although a defendant may challenge his conviction and sentence by either a direct appeal or a petition for postconviction relief, any claims raised in a postconviction relief petition will be barred by res judicata where the claim was or could have been raised on direct appeal. *State v. Wilson*, 3d Dist. No. 1-08-60, 2009-Ohio-1735, ¶15, citing *State v. Reynolds,* 79 Ohio St.3d 158, 161, 1997-Ohio-304. "'Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant * * * on an appeal from that judgment."' *State v. Troglin*, 3d Dist. No. 14-09-04, 2009-Ohio-5276, ¶13, quoting *State v. Perry* (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus. "[R]es judicata promotes the principles of finality and judicial economy by preventing endless relitigation of an issue on which a defendant has already received a full and fair opportunity to be heard." *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, ¶18, citing *State ex rel. Willys-Overland Co. v. Clark* (1925), 112 Ohio St. 263, 268. However, an ineffective assistance of counsel claim in a petition for postconviction relief is only barred by

res judicata where the defendant was represented by new counsel on direct appeal, and where appellate counsel was in no way enjoined from asserting ineffective assistance of trial counsel. *State v. Bradley*, 3d Dist. No. 14-08-27, 2008-Ohio-6071, ¶8, citing *State v. Cole* (1982), 2 Ohio St.3d 112, 114 and fn. 1.

{¶24} In the case at bar, Schwieterman filed his petition for postconviction relief, arguing that his conviction should be dismissed, among other reasons, because of prosecutorial misconduct, ineffective assistance of counsel, and the destruction of exculpatory evidence, all of which prejudiced his right to a fair trial. However, all of these claims contain issues that Schwieterman was aware of, or should have been aware of, at the time of his appeal, yet he failed to assert any of these claims in his direct appeal from his conviction and sentence. Moreover, Schwieterman was represented by different counsel at trial, on appeal, and in his postconviction petition, and he also does not contend that extenuating circumstances prevented him from discovering these alleged violations prior to the filing of his direct appeal. Accordingly, we find these claims in Schwieterman's petition to be barred by res judicata.

{¶25} Furthermore, Schwieterman contends that the trial court erred in dismissing his petition without holding an evidentiary hearing. However, because the claims in Schwieterman's petition are barred by the doctrine of res judicata, the trial court was not required to conduct an evidentiary hearing on the petition.

Moreover, we note that Schwieterman did not establish "substantive grounds for relief that would warrant a hearing based upon the petition, the supporting affidavits, and the files and records in the case." *Jones,* 2007-Ohio-5624, at ¶12. As noted by the trial court, even if evidence was destroyed that established the victim was traveling in excess of eighty m.p.h., and even if trial counsel would have hired an expert to establish that the accident did not occur in the manner as declared by the State, that evidence would not alter the fact that Schwieterman's failure to yield the right of way at the stop sign and his operation of the vehicle while under the influence of alcohol and cocaine proximately caused the deaths of the victims. It is well established that a decedent's contributory negligence is not a defense to a charge of vehicular homicide unless it is the sole proximate cause of the accident, *State v. Langenkamp*, 137 Ohio App.3d 614, 620, 2000-Ohio-1831; *State v. McGraw*, 3d Dist. No. 17-88-2, 1989 WL 153589; *State v. Dailey*, 5th Dist. No. 2006-CA-0012, 2007-Ohio-2544, ¶32, and, clearly, the speed of the victim's vehicle was not the sole proximate cause of this accident.

{¶26} Finally, Schwieterman's claim of innocence also cannot stand. This claim is based upon his assertion that the accident resulted from the victim operating his vehicle well in excess of the speed limit, and his view of the victims' vehicle being obscured by a row of trees. However, these contentions do not alter the fact that, at a minimum, Schwieterman's contributory negligence in failing to

yield at the stop sign and in operating his vehicle while under the influence of alcohol and cocaine, both of which he stipulated to in his plea, proximately caused the deaths of these four young men. Any contributory negligence on the part of the victim was not the sole proximate cause of the accident, and, therefore, Schwieterman cannot be innocent.

{¶27} Consequently, because the trial court was not obligated to conduct an evidentiary hearing on Schwieterman's petition, because the claims in Schwieterman's petition were barred by the doctrine of res judicata, and because Schwieterman cannot successfully assert a claim of actual innocence, we find that the trial court did not err in dismissing the petition for postconviction relief.

{¶28} Accordingly, we overrule Schwieterman's assignments of error.

{¶29} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**WILLAMOWSKI and SHAW, J.J., concur.**

**/jlr**