[Cite as *State v. Liles*, 2017-Ohio-240.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                   CASE NO. 1-16-33

    v.

DEMOND D. LILES,                        O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Allen County Common Pleas Court
Trial Court No. CR 2013 0472

**Judgment Affirmed**

Date of Decision: January 23, 2017

APPEARANCES:

    *Kenneth J. Rexford* for Appellant

    *Jana E. Emerick* for Appellee

**PRESTON, P.J.**

{¶1} Defendant-appellant, Demond D. Liles ("Liles"), appeals the June 9, 2016 judgment entry of the Allen County Court of Common Pleas dismissing Liles's petition for postconviction relief. For the reasons that follow, we affirm.

{¶2} In 2014, Liles pled guilty to four counts of trafficking in cocaine—felonies of varying degrees—and to various specifications with those counts. (*See* Doc. Nos. 125, 126). The trial court sentenced Liles on December 1, 2014, and Liles appealed the trial court's judgment entry of sentence.[1] (*See* Doc. No. 143). In that direct appeal, we affirmed the judgment of the trial court. *State v. Liles*, 3d Dist. Allen No. 1-14-61, 2015-Ohio-3093, ¶ 45.

{¶3} On January 22, 2016, Liles filed a petition for postconviction relief. (Doc. No. 171). In his petition, Liles requested "a vacating of the judgment of conviction and/or sentencing in this matter and a granting of a new trial and/or resentencing." (*Id.* at 1). As grounds for the requested relief, Liles alleged that he "was denied the equal protection of the laws in violation of the Ohio Constitution or the United States Constitution because the sentence imposed upon the petitioner for the felony was part of a consistent pattern of disparity in sentencing by the judge who imposed the sentence, with regard to the petitioner's race, gender, ethnic

---

[1] In Liles's direct appeal from his convictions and sentence, this court recited much of the factual and procedural background of this case, and we will not duplicate those efforts here. *See State v. Liles*, 3d Dist. Allen No. 1-14-61, 2015-Ohio-3093.

background, or religion." (*Id.* at 2, citing R.C. 2953.21(A)(5)). Additionally, Liles stated as grounds for relief that he received ineffective assistance of counsel and that his guilty pleas "were secured through vindictiveness by the government," both in violation of his constitutional rights.[2] (*Id.* at 8). On February 3, 2016, Liles filed an "additional proffer supporting petition for post-conviction relief." (Doc. No. 175). On February 19, 2016, the State filed its response to and motion to dismiss Liles's petition for postconviction relief. (Doc. No. 179). On February 26, 2016, Liles filed his memorandum in opposition to the State's motion to dismiss his petition for postconviction relief. (Doc. No. 180).

{¶4} On June 9, 2016, the trial court filed the judgment entry that is the subject of this appeal. (Doc. No. 182). In that entry, the trial court dismissed Liles's petition for postconviction relief. (*Id.*).

{¶5} On July 6, 2016, Liles filed a notice of appeal. (Doc. No. 184). He raises three assignments of error for our review. We will address the assignments of error together.

## Assignment of Error No. I

**The Trial Court erred in ruling that Evidence Rule 901 applies to exhibits attached to a Petition for Post-Conviction Relief.**

---

[2] Liles's counsel prepared the memorandum in support containing the arguments related to disparity in sentencing. Liles's arguments in support of these additional grounds for relief were contained in a separate memorandum in support prepared by Liles, not his counsel, "because [Liles] lacked financial resources to have [his counsel] research and draft this separate portion of the instant petition." (Doc. No. 171 at 12).

**Assignment of Error No. II**

**The Trial Court erred in treating the State Motion to Dismiss as if it were a Motion for Summary Judgment, handling the same improperly, and thereby dismissing Mr. Liles' Petition.**

**Assignment of Error No. III**

**The Trial Court erred in dismissing Mr. Liles' petition because, contrary to the Court's ruling, the petition sufficiently stated two grounds for granting the requested relief and therefore merited an evidentiary hearing.**

{¶6} In his first assignment of error, Liles argues that the trial court erred when it stated that the documents submitted by Liles in support of his petition for postconviction relief are inadmissible under Evid.R. 901. In his second assignment of error, Liles argues that the trial court improperly treated the State's motion to dismiss Liles's petition for postconviction relief as a motion for summary judgment. In his third assignment of error, Liles argues that the trial court erred in dismissing his petition for postconviction relief without an evidentiary hearing because his petition sufficiently stated two grounds for relief. First, he argues that he was denied equal protection of the laws because his sentence was part of a consistent pattern of racially disparate sentences by the sentencing judge. Second, although unclear, he appears to argue "outrageous government conduct by Sheriff Crish." (Appellant's Brief at 1).

{¶7} "R.C. 2953.21 governs petitions for post-conviction relief." *State v. Wine*, 3d Dist. Auglaize No. 2-15-07, 2015-Ohio-4726, ¶ 10, citing *State v. Kinstle*,

3d Dist. Allen No. 1-12-32, 2013-Ohio-850, ¶ 10. The statute sets forth who may petition for postconviction relief:

> Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.

R.C. 2953.21(A)(1)(a).

{¶8} "The filing of a petition for postconviction relief does not automatically entitle the petitioner to an evidentiary hearing." *State v. Andrews*, 3d Dist. Allen No. 1-11-42, 2011-Ohio-6106, ¶ 11, citing *State v. Calhoun*, 86 Ohio St.3d 279, 282 (1999). Under R.C. 2953.21(C), "Before granting a hearing on a petition * * *, the court shall determine whether there are substantive grounds for relief." *See State v. Brown*, 3d Dist. Allen No. 1-11-68, 2012-Ohio-2126, ¶ 6, citing *Calhoun* at 282-283 and R.C. 2953.21(C); *State v. Schwieterman*, 3d Dist. Mercer No. 10-09-12,

2010-Ohio-102, ¶ 22, citing *State v. Jones*, 3d Dist. Defiance No. 4-07-02, 2007-Ohio-5624, ¶ 12.

> In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript

R.C. 2953.21(C). *See Schwieterman* at ¶ 22, citing *Jones* at ¶ 12.

**{¶9}** "'[I]f the court determines that there are no substantive grounds for relief, it may dismiss the petition without an evidentiary hearing.'" *State v. Driskill*, 3d Dist. Mercer Nos. 10-07-03 and 10-07-04, 2008-Ohio-827, ¶ 13, quoting *Jones* at ¶ 14. "The decision to grant the petitioner an evidentiary hearing is left to the sound discretion of the trial court." *Andrews* at ¶ 11, citing *Calhoun* at 284. Accordingly, "[w]e review the trial court's dismissal of a post-conviction petition without a hearing for abuse of discretion." *State v. Jeffers*, 10th Dist. Franklin No. 10AP-1112, 2011-Ohio-3555, ¶ 23, citing *State v. Banks*, 10th Dist. Franklin Nos. 10AP-1065, 10AP-1066, and 10AP-1067, 2011-Ohio-2749, ¶ 11. *See also Driskill* at ¶ 14. An abuse of discretion suggests the trial court's decision is unreasonable,

arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶10} We can quickly dispose of Liles's first and second assignments of error. Regarding Liles's first assignment of error, although the trial court stated that the documents Liles submitted in support of his postconviction petition are inadmissible because they do not comply with Evid.R. 901, the trial court nevertheless considered those documents and alternatively addressed the merits of Liles's grounds for relief. Therefore, we need not and do not address the trial court's conclusions regarding Evid.R. 901. *See Slane v. Hilliard*, 10th Dist. Franklin No. 15AP-493, 2016-Ohio-306, ¶ 37 (10th Dist.). Rather, in our treatment below of Liles's third assignment of error, we will assume without deciding that the trial court should not have applied Evid.R. 901 in the manner it did. In other words, we need not address Liles's Evid.R. 901 arguments in order to dispose of his assignments of error. Liles's first assignment of error is without merit.

{¶11} Regarding Liles's second assignment of error, Liles does not specify precisely what leads him to believe that the trial court converted the State's motion to dismiss into a motion for summary judgment. It appears that he believes the trial court implicitly converted the motion to dismiss when it considered the credibility of the documents Liles submitted in support of his petition and "dismissed the petition on a factual basis." (Appellant's Brief at 15). The trial court's actions do

not suggest that it somehow implicitly converted the State's motion to dismiss into a motion for summary judgment.

**{¶12}** The postconviction statute states that the petitioner "may file a supporting affidavit and other documentary evidence in support of the claim for relief" and that the trial court "shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner * * *." R.C. 2953.21(A)(1)(a), (C). Here, Liles attached an affidavit and other documentary evidence to the postconviction petition, and as Liles acknowledges, the State in moving to dismiss his petition did not raise "matters outside of the pleadings." (Appellant's Brief at 13). The trial court's consideration of the documents Liles attached to the petition— including their credibility—does not convert the State's motion to dismiss into a motion for summary judgment, and Liles directs us to no authority suggesting otherwise. *See State v. Hines*, 8th Dist. Cuyahoga No. 89848, 2008-Ohio-1927, ¶ 13. In short, the record does not reflect that the trial court converted the State's motion to dismiss into a motion for summary judgment. *See State v. Johnson*, 12th Dist. Clinton No. CA97-07-006, 1998 WL 1701, *5 (Jan. 5, 1998). For these reasons, we reject Liles's arguments under his second assignment of error.

**{¶13}** We will now address Liles's third assignment of error. Liles argues that the trial court should have granted him an evidentiary hearing because his

postconviction petition set forth two substantive grounds for relief warranting an evidentiary hearing. The first ground put forth by Liles is an equal-protection violation based on "sentencing disparity" on the part of the sentencing judge. (Appellant's Brief at 16-17). Liles does not articulate precisely what the second ground is; however, it appears he argues that the second ground is "outrageous government conduct by Sheriff Crish."[3] (Appellant's Brief at 1). We will address each of these grounds in turn.

{¶14} First, Liles argues that his petition sufficiently established that he was denied equal protection of the laws because his sentence was part of a consistent pattern of racially disparate sentences by the sentencing judge. R.C. 2953.21(A)(5) provides, in relevant part:

> If the petitioner in a petition filed under division (A) of this section was convicted of or pleaded guilty to a felony, the petition may include a claim that the petitioner was denied the equal protection of the laws in violation of the Ohio Constitution or the United States Constitution because the sentence imposed upon the petitioner for the felony was part of a consistent pattern of disparity in sentencing by

---

[3] The portion of Liles's postconviction petition prepared by Liles, as opposed to his counsel, appears to contain additional grounds that formed the basis of Liles's petition—for example, that he received ineffective assistance of trial counsel because his trial counsel did not inform him of the availability of the affirmative defense of entrapment. In this appeal, Liles does not offer argument concerning these additional grounds; therefore, we will not address them.

the judge who imposed the sentence, with regard to the petitioner's race, gender, ethnic background, or religion.

R.C. 2953.21(A)(5).

{¶15} Among the documents Liles attached to his postconviction petition was a letter from Liles's counsel to Steve Van Dine ("Van Dine"), the chief of the Bureau of Research at the Ohio Department of Rehabilitation and Correction, requesting "sentencing data from Allen County for the years 2008-2014 for F1 and F2 offenders sent to prison by Allen County judges." (Doc. No. 171 at 5, Ex. 1). Liles also attached to his petition the data spreadsheet that Van Dine provided in response to Liles's counsel's request. (*Id.*, Ex. 2). The spreadsheet contains a listing of each "CASE WITH AT LEAST ONE F1 OR F2." (*Id.*). Listed for each case are the offender's name, race, sex, and date of birth, along with the year, the identity of the sentencing judge, the offense or offenses, the number of "priors," and the sentence given. (*Id.*). Attached as Exhibit 3 to Liles's petition for postconviction relief is a purportedly "similar statistical analysis" regarding third-degree felonies that Liles's counsel conducted "on behalf of a different client" in "early 2007." (*Id.* at 8, Ex. 3).

{¶16} Based on these documents attached to his postconviction petition, Liles argued in his petition that the sentencing judge "managed to account for nearly a 2:1 sentencing disparity against black offenders," whereas another judge of the

same court "managed to have racially consistent sentencing over the past decade." (*Id.* at 10). The State argues that the documents attached to Liles's petition "included absolutely no information whatsoever about the numerous offenders or the facts of the cases that defendant purported to compare." (Appellee's Brief at 9). In dismissing Liles's petition without an evidentiary hearing, the trial court stated that precedent from the United States Supreme Court and the Supreme Court of Ohio requires that a petitioner, in order to establish an equal-protection violation, demonstrate the existence of purposeful discrimination that had a discriminatory effect on the petitioner. (Doc. No. 182 at 10). The trial court concluded that this precedent does "not permit the consideration of the statistical evidence offered by petitioner." (*Id.*). The trial court added, however, that even considering the statistical evidence offered by Liles, "it is not determinative" because of the relatively small sample size of defendants and because it addressed only "a few variables underlying the sentences reviewed." (*Id.* at 10-11).

{¶17} "It is well-established that the Equal Protection Clauses of both the Ohio and United States Constitutions protect 'similarly situated' persons from being treated differently by the government." *State v. Murphy*, 5th Dist. Cochocton No. 02-CA-13, 2003-Ohio-128, ¶ 8, citing *State ex rel. Riter v. Indus. Comm.*, 91 Ohio St.3d 89, 93 (2001). "[I]t is a basic and generally applicable principle of Fourteenth Amendment equal protection analysis that a party claiming an equal protection

violation has the burden of proving purposeful discrimination." *State v. Keene*, 81 Ohio St.3d 646, 654 (1998), citing *McClesky v. Kemp*, 481 U.S. 279, 292, 107 S.Ct. 1756 (1987), quoting *Whitus v. Georgia*, 385 U.S. 545, 550, 87 S.Ct. 643 (1967). "A corollary to this principle is that a criminal defendant must prove that the purposeful discrimination 'had a discriminatory effect' on him." *McCleskey* at 292, quoting *Wayte v. United States*, 470 U.S. 598, 608, 105 S.Ct. 1524 (1985). In the context of an argument involving race-based sentencing disparity, "rather than make a general showing of disparity, a defendant '"must show that racial considerations affected the sentencing process *in his case*"' for equal protection to be implicated." (Emphasis sic.) *State v. Frazier*, 6th Dist. Lucas No. L-07-1388, 2008-Ohio-5027, ¶ 67, quoting *State v. Skatzes*, 2d Dist. Montgomery No. 15848, 2003-Ohio-516, ¶ 395, quoting *State v. Steffen*, 31 Ohio St.3d 111, 124 (1987).

{¶18} In this case, we hold that the trial court did not abuse its discretion in concluding that Liles failed in his equal-protection argument to demonstrate a substantive ground for relief entitling him to an evidentiary hearing. First, we agree with the trial court that the quality of data that Liles attached to his postconviction petition is not the sort that would allow him to establish a substantive ground for relief on an equal-protection theory. That is, the documents that Liles submitted with his petition fail to establish that the offenders listed in the spreadsheet are "similarly situated" to Liles. *See Murphy* at ¶ 8.

{¶19} Exhibit 2 attached to Liles's petition reveals only the race, sex, and age of each offender, along with the offense or offenses, the sentence given, and the number of "priors." As the trial court aptly summarized, this data provides only "a few variables underlying the sentences reviewed," whereas "many factors can go into sentencing determinations and each case is unique"—a point Liles concedes in his postconviction petition. (Doc. No. 182 at 11). (*See also* Doc. No. 171 at 6). The trial court compared Liles's data to the study in *McCleskey*, which was an "extensive analysis, taking account of 230 variables that could have explained the disparities on nonracial grounds." *McCleskey* at 287. Even that study, the United States Supreme Court held, was "clearly insufficient to support an inference that any of the decisionmakers in McCleskey's case acted with discriminatory purpose." *Id.* at 297. Exhibit 3 to Liles's petition is even more unhelpful to Liles in his attempt to establish a substantive ground for relief—that data similarly contains relatively few variables, focuses on third-degree felonies, and was prepared in "early 2007" for "a different client." In short, the documents attached to Liles's petition do not reflect whether the other offenders were "similarly situated" to him.

{¶20} A second reason why the trial court did not abuse its discretion in concluding that Liles failed to demonstrate a substantive ground for relief: Liles did not direct the trial court to documentation or portions of the record demonstrating the existence of purposeful discrimination that had a discriminatory effect on him.

*See McCleskey* at 297. Liles instead relied solely on the sentencing data attached to his petition. However, as with the study in *McCleskey*, the data offered by Liles is clearly insufficient to support an inference that the sentencing judge in Liles's case acted with a discriminatory purpose. *See id.*

{¶21} To the extent Liles argues that R.C. 2953.21(A)(5) creates a statutory right that somehow dispenses with his need to satisfy basic standards in the equal-protection analysis, we reject his argument. R.C. 2953.21(A)(5) "is nothing more than an opportunity for prisoners to allege an equal-protection violation when their sentence 'was part of a consistent pattern of disparity in sentencing' regarding the petitioner's 'race, gender, ethnic background, or religion.'" *State v. Cowan*, 101 Ohio St.3d 372, 2004-Ohio-1583, ¶ 17. In other words, in making the equal-protection claim invited by R.C. 2953.21(A)(5), a petitioner must nevertheless satisfy basic principles of equal-protection analysis.

{¶22} For all of the reasons above, we hold that the trial court did not abuse its discretion in concluding that Liles failed to demonstrate a substantive ground for relief based on equal protection entitling him to an evidentiary hearing.

{¶23} We next address Liles's apparent argument that he stated as a ground for relief "outrageous government conduct by Sheriff Crish." (Appellant's Brief at 1). Liles argues that he "put forward a shocking account of the events leading up to his prosecution," including allegations that Allen County Sheriff Sam Crish

borrowed $20,000 from Liles and then used an informant "to target Liles for controlled sales" of drugs. (*Id.* at 20, 7). Liles argues that it was "frankly unreasonable" for the trial court to find not credible Liles's allegations of "outrageous government conduct." (*Id.* at 21). We need not reach that issue because Liles's arguments concerning "outrageous government conduct" were known to him at the time he entered into a plea agreement in this case and at the time of his sentencing.

**{¶24}** "'[A] post-conviction relief hearing is not warranted for claims that were raised or could have been raised on direct appeal.'" *State v. McKinney*, 3d Dist. Defiance No. 4-11-01, 2011-Ohio-3521, ¶ 20, quoting *State v. Yarbrough*, 3d Dist. Shelby No. 17-2000-10, 2001 WL 454683, *4, citing *State v. Reynolds*, 79 Ohio St.3d 158, 161 (1997). "'The principle of *res judicata* will operate as a bar to any claim that was raised or could have been raised on direct appeal.'" *Id.*, quoting *Yarbrough* at *4, citing *State v. Lentz*, 70 Ohio St.3d 527 (1994) and *State v. Perry*, 10 Ohio St.2d 175 (1967), syllabus. In other words, "[a]lthough a defendant may challenge his conviction and sentence by either a direct appeal or a petition for postconviction relief, any claims raised in a postconviction relief petition will be barred by res judicata where the claim was or could have been raised on direct appeal." *Schwieterman*, 2010-Ohio-102, at ¶ 23, citing *State v. Wilson*, 3d Dist. Allen No. 1-08-60, 2009-Ohio-1735, ¶ 15, citing *Reynolds* at 161.

**{¶25}** Here, even assuming "outrageous government conduct" could serve as a substantive ground for relief entitling Liles to a hearing, his argument is barred by res judicata because he knew of the purportedly outrageous government conduct during the pendency of the underlying case. For example, at the sentencing hearing, Liles relayed to the sentencing judge the story underlying what he says amounts to "outrageous government conduct." (*See* Dec. 1, 2014 Tr. at 17-31). Indeed, in his brief, Liles concedes, "These facts were available to the defense." (Appellant's Brief at 7). Therefore, any arguments related to this purportedly "outrageous government conduct" on the part of Sheriff Crish were available to Liles at the time of his direct appeal and are therefore barred by res judicata. *See McKinney* at ¶ 20; *State v. King*, 12th Dist. Butler Nos. CA2013-11-199 and CA2014-06-138, 2014-Ohio-5393, ¶ 18; *State v. Ibrahim*, 10th Dist. Franklin No. 14AP-355, 2014-Ohio-5307, ¶ 16. For these reasons, we hold that the trial court did not abuse its discretion in concluding that Liles failed to demonstrate a substantive ground for relief based on "outrageous government conduct."

**{¶26}** In summary, the trial court did not abuse its discretion in dismissing Liles's petition for postconviction relief without a hearing.

**{¶27}** Liles's assignments of error are overruled.

{¶28} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**WILLAMOWSKI and SHAW, J.J., concur.**

**/jlr**