[Cite as *State v. Bender*, 2021-Ohio-1931.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## UNION COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    v.

JASON G. BENDER,

    DEFENDANT-APPELLANT.

CASE NO. 14-21-01

**O P I N I O N**

Appeal from Union County Common Pleas Court
Trial Court No. 18-CR-0168

**Judgment Affirmed**

**Date of Decision:  June 7, 2021**

APPEARANCES:

    *Jason G. Bender* **Appellant**

    *Samantha Hobbs* **for Appellee**

**WILLAMOWSKI, P.J.**

{¶1} Although originally placed on our accelerated calendar, we have elected pursuant to Loc.R. 12(5) to issue a full opinion in lieu of a summary judgment entry. Defendant-appellant Jason G. Bender ("Bender") appeals the judgment of the Union County Court of Common Pleas, alleging that the trial court erred in dismissing his petition for post-conviction relief. For the reasons set forth below, the judgment of the trial court is affirmed.

*Facts and Procedural History*

{¶2} On July 13, 2018, Bender was indicted on one count of felonious assault in violation of R.C. 2903.11(A)(1), a felony of the second degree; one count of kidnapping in violation of R.C. 2905.01(A)(3), a felony of the first degree; one count of rape in violation of R.C. 2907.02(A)(2), a felony of the first degree; and one count of having weapon while under disability in violation of R.C. 2923.13(A)(2), a felony of the third degree. Doc. 1. After his trial, the jury returned verdicts of guilty on all of the charges against Bender on April 24, 2019. Doc. 78-81.

{¶3} On May 29, 2019, the trial court sentenced Bender. Doc. 87. Bender then filed his notice of appeal on June 18, 2019. Doc. 93. On September 9, 2019, the trial transcript was filed for his direct appeal. Doc. 114. On his direct appeal, he raised three assignments of error, including an ineffective assistance of counsel claim. *State v. Bender*, 3d Dist. Union No. 14-19-22, 2020-Ohio-722, ¶ 6, 19. On

March 2, 2020, this Court issued a decision that overruled his assignments of error and affirmed the judgment of the trial court. *Id*. at ¶ 37.

{¶4} On December 1, 2020, Bender filed a petition for post-conviction relief *pro se*. Doc. 116. In this petition, Bender raised an ineffective assistance of counsel claim and a prosecutorial misconduct claim. Doc. 116. On January 20, 2021, the trial court dismissed Bender's petition without a hearing because this petition was not timely filed. Doc. 124. Bender filed his notice of appeal on February 1, 2021. Doc. 126. On appeal, Bender raises the following assignments of error:

**First Assignment of Error**

**Trial Court erred when it determined that Appellant's Post Conviction Relief Petition was barred by the statute of limitations.**

**Second Assignment of Error**

**Trial Court erred by stating that Appellant's Post-Conviction grounds for relief were addressed during direct appeal.**

**Third Assignment of Error**

**The denial of Appellant's petition was principally grounded on the basis of judicial bias, and not the facts within the evidence submitted to support the petition.**

*First Assignment of Error*

{¶5} Bender asserts that his petition for post-conviction relief was timely filed because the Ohio Supreme Court's order tolling time requirements in response to the COVID-19 pandemic extended the applicable deadline.

Legal Standard

**{¶6}** "R.C. 2953.21 governs petitions for post-conviction relief." *State v. Wine*, 3d Dist. Auglaize No. 2-15-07, 2015-Ohio-4726, ¶ 10. "Postconviction review is not a constitutional right, but is a collateral civil attack on a judgment that is governed solely by R.C. 2953.21." *State v. Keith*, 176 Ohio App.3d 260, 2008-Ohio-741, 891 N.E.2d 1191, ¶ 24 (3d Dist.). R.C. 2953.21(A)(1)(a)(i) states that a petition for post-conviction relief may be filed by

> **[a]ny person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States[.]**

R.C. 2953.21(A)(1)(a)(i). In general, to be timely filed, a petition for post-conviction relief must be filed with the trial court "no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction * * *." R.C. 2953.21(A)(2)(a).

**{¶7}** "A trial court lacks jurisdiction to entertain an untimely or successive petition for postconviction relief unless the petitioner establishes that one of the exceptions in R.C. 2953.23(A) applies." *State v. Cunningham*, 2016-Ohio-3106, 65 N.E.3d 307, ¶ 13 (3d Dist.), quoting *State v. Chavis*, 10th Dist. Franklin No. 15AP-557, 2015-Ohio-5549, ¶ 14. Under R.C. 2953.23(A)(1), a trial court may consider a petition for post-conviction that was filed after timeframe set forth in R.C. 2953.21(A) if both of the following criterion apply:

**[1] Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.**

**[2] The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.**

R.C. 2953.23(A).

**Thus, unless the defendant alleges a new federal or state right has been recognized, the defendant must prove (1) that he was unavoidably prevented from discovery of facts upon which his successive petition for postconviction relief rests and (2) that he would not have been convicted at trial by a reasonable factfinder but for the constitutional error.**

*State v. Workman*, 3d Dist. Auglaize No. 2-17-12, 2017-Ohio-7364, ¶ 18, citing R.C. 2953.23(A)(1). A petitioner is not entitled to an evidentiary hearing simply because he or she filed a petition for post-conviction relief. *State v. Lewis*, 3d Dist. Logan No. 8-19-08, 2019-Ohio-3031, ¶ 11.

{¶8} On appeal, "[w]e review the trial court's dismissal of a post-conviction petition without a hearing for abuse of discretion." *State v. Liles*, 3d Dist. Allen No. 1-16-33, 2017-Ohio-240, ¶ 10, quoting *State v. Jeffers*, 10th Dist. Franklin No. 10AP-1112, 2011-Ohio-3555, ¶ 23. "An abuse of discretion is not merely an error

of judgment." *State v. Sullivan*, 2017-Ohio-8937, 102 N.E.3d 86, ¶ 20 (3d Dist.). "Rather, an abuse of discretion is present where the trial court's decision was arbitrary, unreasonable, or capricious." *State v. Kleman*, 3d Dist. Hardin No. 6-19-01, 2019-Ohio-4404, ¶ 18, quoting *State v. Howton*, 3d Dist. Allen No. 1-16-35, 2017-Ohio-4349, ¶ 23.

Legal Analysis

{¶9} In this case, the trial transcript was filed on September 9, 2019 for Bender's direct appeal. Doc. 114. Bender filed his petition for post-conviction relief on December 1, 2020. Doc. 116. Thus, Bender's petition for post-conviction relief was filed more than three hundred and sixty-five days after the trial transcript was filed for his direct appeal. However, Bender asserts that his petition was, in fact, timely filed when legislation that tolled statutory time requirements in response to the COVID-19 pandemic is taken into account.

> **[O]n March 27, 2020, the Governor of Ohio signed into law Am.Sub.H.B. No. 197, which immediately tolled, retroactive to March 9, 2020, all statutes of limitation, time limitations, and deadlines in the Ohio Revised Code and the Ohio Administrative Code until the expiration of Executive Order 2020-01D or July 30, 2020, whichever is sooner[.]**

*In re Tolling of Time Requirements Imposed by Rules Promulgated by Supreme Court & Use of Technology*, 158 Ohio St.3d 1447, 2020-Ohio-1166, 141 N.E.3d 974, 974-975. The Supreme Court subsequently issued guidance for applying this tolling legislation that explained the following:

> **The legislation and Supreme Court order toll only time requirements set to expire *during* the emergency period. Time requirements that are set to expire *after* the emergency period are not tolled.**

(Emphasis sic.) The Supreme Court of Ohio, *Assessing Impact of Tolling Legislation and Supreme Court Order upon Specific Time Requirements* https://www.supremecourt.ohio.gov/coronavirus/resources/tollingAnalysis040220.pdf (accessed May 25, 2021).

{¶10} In this case, the deadline for timely filing a petition for post-conviction relief was September 9, 2020, which did not fall in between March 9, 2020 and July 30, 2020. Doc. 114. Since the deadline fell after the emergency period ended on July 30, 2020, the law tolling statutory time requirements does not apply in this situation. Thus, Bender had three hundred and sixty-five days from the date on which the transcripts were filed for his direct appeal to timely file his motion for post-conviction relief. Since he did not file his petition within this timeframe, his petition was not timely filed.

{¶11} Finally, in his petition for post-conviction relief, Bender does not establish that one of the exceptions listed in R.C. 2953.23(A) is applicable in this case. For these reasons, the trial court did not err in dismissing his petition for post-conviction relief. As such, Bender's first assignment of error is overruled.

*Second Assignment of Error*

**{¶12}** Bender argues that the trial court erred in determining that issues raised in his petition for post-conviction relief could have been raised in his direct appeal.

Legal Standard

**{¶13}** "Although a defendant may challenge his conviction and sentence by either a direct appeal or a petition for postconviction relief, any claims raised in a postconviction relief petition will be barred by res judicata where the claim was or could have been raised on direct appeal." *State v. Schwieterman*, 3d Dist. Mercer No. 10-09-12, 2010-Ohio-102, ¶ 23.

> **Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment.**

*State v. Perry*, 10 Ohio St.2d 175, 39 O.O.2d 189 226 N.E.2d 104 (1967), paragraph nine of the syllabus. In other words, "[a] postconviction relief proceeding is not to be utilized as an alternative to or substitute for a direct appeal." *State v. Lee*, 6th Dist. Lucas No. L-08-1207, 2008-Ohio-6177, ¶ 5.

> **However, an ineffective assistance of counsel claim in a petition for postconviction relief is only barred by res judicata where the defendant was represented by new counsel on direct appeal, and where appellate counsel was in no way enjoined from asserting ineffective assistance of trial counsel.**

*Schwieterman*, at ¶ 23, citing *State v. Bradley*, 3d Dist. Union No. 14-08-27, 2008-Ohio-6071, ¶ 8.

Legal Analysis

**{¶14}** In his petition for post-conviction relief, Bender raises an ineffective assistance of counsel claim and a prosecutorial misconduct claim. In support of these claims, Bender points to a video-recorded interview that the State disclosed to the Defense during discovery. Doc. 116. In its brief in this appeal, the State vigorously contests the merits of the arguments that Bender bases on this recorded interview. But we need not reach the merits of these arguments since both of these claims could have been raised on direct appeal.

**{¶15}** Because the arguments in his petition for post-conviction relief rest on evidence that the Defense had before trial, these arguments could have been raised at his trial and on direct appeal. Since these arguments were available to him at the time of his direct appeal, the claims raised in his petition for post-conviction relief are subject to res judicata. Further, as to his ineffective assistance of counsel claim, we note that Bender was represented by different attorneys during his trial and on his direct appeal. Doc. 107. *See Schwieterman, supra*, at ¶ 24. Bender even raised an unsuccessful ineffective assistance of counsel claim in his prior direct appeal. *Bender, supra*, at ¶ 22-25.

{¶16} In conclusion, Bender could have raised both of the claims asserted his petition for post-conviction relief during his direct appeal. Thus, even if his petition for post-conviction relief had been timely filed, these claims would still have been barred under the doctrine of res judicata. For these reasons, Bender's second assignment of error is overruled.

*Third Assignment of Error*

{¶17} Bender asserts that his petition for post-conviction relief was denied because of judicial bias.

Legal Standard

{¶18} R.C. 2701.03(A) addresses the issue of judicial bias for a judge of the court of common pleas and reads as follows:

> **If a judge of the court of common pleas allegedly is interested in a proceeding pending before the court, allegedly is related to or has a bias or prejudice for or against a party to a proceeding pending before the court or a party's counsel, or allegedly otherwise is disqualified to preside in a proceeding pending before the court, any party to the proceeding or the party's counsel may file an affidavit of disqualification with the clerk of the supreme court in accordance with division (B) of this section.**

R.C. 2701.03(A). Thus, "[t]he determination of a claim that a common pleas judge is biased or prejudiced is within the *exclusive jurisdiction* of the Chief Justice of the Supreme Court of Ohio, or h[er] designee." (Emphasis sic.) *State v. Holdcroft*, 3d Dist. Wyandot No. 16-10-04, 2010-Ohio-6262, ¶ 25.

{¶19} However, a due process issue may still exist because a "criminal trial before a biased judge is fundamentally unfair * * *." *State v. Wieser*, 3d Dist. Allen No. 1-18-15, 2018-Ohio-3619, ¶ 23.

> **Judicial bias has been described by the Supreme Court of Ohio as 'a hostile feeling or spirit of ill will or undue friendship or favoritism toward one of the litigants or his attorney, with the formation of a fixed anticipatory judgment on the part of the judge, as contradistinguished from an open state of mind which will be governed by the law and the facts.'**

*Wieser* at ¶ 23, quoting *State ex rel. Pratt v. Weygandt*, 164 Ohio St. 463, 58 O.O. 315, 132 N.E.2d 191 (1956), paragraph four of the syllabus.

Legal Analysis

{¶20} In this case, Bender did not avail himself of the statutory process to address allegations of judicial bias as set forth in R.C. 2701.03(A). Further, Bender has not raised any evidence that suggests his due process rights were violated. *See State v. Dendinger*, 3d Dist. Seneca No. 13-18-38, 2019-Ohio-2158, ¶ 23; *State v. Corchado*, 2017-Ohio-4390, 93 N.E.3d 150 (7th Dist.). In this case, the basis for Bender's claim of judicial bias is only that his petition was dismissed. *See State v. Smith*, 10th Dist. Franklin No. 18AP-525, 2019-Ohio-5199, ¶ 26, quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994) (holding that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion"). For these reasons, we conclude that Bender's assertion of judicial bias lacks merit. As such, his third assignment of error is overruled.

*Conclusion*

**{¶21}** Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Union County Court of Common Pleas is affirmed.

***Judgment Affirmed***

**MILLER and SHAW, J.J., concur.**

**/hls**