[Cite as *State v. Vandergriff*, 2015-Ohio-3177.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

STATE OF OHIO,                                    :

       Plaintiff-Appellee,                      :

  - vs -                                                  :

TIMOTHY ALLEN VANDERGRIFF,          :

       Defendant-Appellant.                    :

CASE NOS.  CA2015-01-008
CA2015-01-009

O P I N I O N
8/10/2015

CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2013 CR 00083

D. Vincent Faris, Clermont County Prosecuting Attorney, Nicholas Horton, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for plaintiff-appellee

Timothy Allen Vandergriff, #A679452, Chillicothe Correctional Institution, P.O. Box 5500, Chillicothe, Ohio 45601, defendant-appellant, pro se

**S. POWELL, J.**

{¶ 1}   Defendant-appellant, Timothy Allen Vandergriff, appeals from a decision of the Clermont County Court of Common Pleas denying his petition for postconviction relief.  For the reasons stated below, we affirm the decision of the trial court.

{¶ 2}   Vandergriff was indicted by a Clermont County Grand Jury charging him with four counts of gross sexual imposition in violation of R.C. 2907.05(A)(4) and one count of domestic violence in violation of R.C. 2919.25(A) in Case No. 2013 CR 00083.  Vandergriff

was also indicted on one count of sexual battery in violation of R.C. 2907.03(A)(5) in Case No. 2013 CR 00173. The charges arose out of allegations that Vandergriff inappropriately touched and molested two children and caused physical harm to another child by punching him.

{¶ 3} On March 26, 2013, Vandergriff pled guilty to two counts of gross sexual imposition, one count of domestic violence, and one count of sexual battery. After Vandergriff's guilty plea, the trial court sentenced him to a five-year mandatory prison term on each of the gross sexual imposition convictions, 180 days on the domestic violence conviction, and an eight-year mandatory prison term on the sexual battery conviction. The court ordered the sentences for gross sexual imposition and sexual battery to be served consecutively, for a total aggregate prison term of 18 years. Vandergriff did not appeal his convictions or sentence.

{¶ 4} On January 16, 2014, Vandergriff filed a motion for a delayed appeal. This court denied the motion. *State v. Vandergriff*, 12th Dist. Clermont Nos. CA2014-01-005 and CA2014-01-006 (Mar. 10, 2014) (Entry Denying Motion for Delayed Appeal). On May 9, 2014, Vandergriff filed a motion to vacate his convictions and sentence. The trial court summarily dismissed Vandergriff's motion. The trial court characterized the motion as a petition for postconviction relief and found the petition was untimely, barred by res judicata, and did not allege facts that if true, would entitle Vandergriff to relief.

{¶ 5} Vandergriff now appeals, asserting a sole assignment of error:

{¶ 6} TRIAL COURT ABUSED ITS DISCRETION BY DENYING APPELLANT'S POST CONVICTION RELIEF PEITION, FILED PURSUANT TO R.C. 2953.21.

{¶ 7} Vandergriff argues the trial court abused its discretion in denying his postconviction relief petition. Vandergriff maintains the court should have granted his petition because the court erred in holding the plea and sentencing hearings for both of his cases on

- 2 -

the same day, sentencing him to maximum consecutive sentences, and imposing separate sentences for his gross sexual imposition convictions as the charges are allied offenses of similar import.

{¶ 8} A postconviction proceeding is not an appeal of a criminal conviction, but rather, a collateral civil attack on a criminal judgment. *State v. Calhoun*, 86 Ohio St.3d 279, 281 (1999); *State v. Bayless*, 12th Dist. Clinton Nos. CA2013-10-020 and CA2013-10-021, 2014-Ohio-2475, ¶ 8-10. "In reviewing an appeal of postconviction relief proceedings, this court applies an abuse of discretion standard." *State v. Wagers*, 12th Dist. Preble No. CA2011-08-007, 2012-Ohio-2258, ¶ 15. The term "abuse of discretion" connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *State v. Hancock*, 108 Ohio St.3d 57, 2006-Ohio-160, ¶ 130.

{¶ 9} Pursuant to R.C. 2953.21(A)(2), a petition for postconviction relief "shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication * * *. If no appeal is taken * * * the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal."[1] If a postconviction relief petition is filed beyond the 180-day time limitation, or the petition is a second or successive petition for postconviction relief, a trial court lacks jurisdiction to consider it unless the provisions of R.C. 2953.23(A) apply. *State v. Garcia*, 12th Dist. Butler No. CA2013-02-025, 2013-Ohio-3677, ¶ 12. As pertinent to this case, R.C. 2953.23(A)(1) provides that a trial court may entertain a petition filed after the expiration of the 180-day time period if a petitioner establishes both of the following requirements:

> (a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which

---

1. While not applicable to the present case, R.C. 2953.21(A)(2) was revised on March 23, 2015 to allow a petitioner 365 days to file a postconviction relief petition.

the petitioner must rely to present the claim for relief, or, subsequent to the period described in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

(b)  The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable fact-finder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *.

{¶ 10} In the present case, Vandergriff's sentencing entries were journalized on April 15, 2013 for case number 2013 CR 00083 and April 16, 2013 for case number 2013 CR 00173.  Vandergriff's time to file a direct appeal expired on May 16, 2013, whereas the deadline to timely file a postconviction relief petition expired on November 12, 2013. Vandergriff did not file the present petition until May 9, 2014, well past the 180-day deadline for initial petitions for postconviction relief.  Vandergriff has also failed to prove he was prevented from discovering facts he must rely upon to support his claim nor has he pointed to any new federal or state right recognized by the United States Supreme Court that applies retroactively and would form the basis of his claim.  Therefore, the trial court lacked jurisdiction to consider Vandergriff's petition as it was untimely and he has failed to show any of the requirements under R.C. 2953.23(A)(1).

{¶ 11} Regardless, even assuming, Vandergriff's petition had been timely, the trial court was barred from considering the petition under the doctrine of res judicata.  "It is well-established that a trial court may dismiss a postconviction relief petition on the basis of the doctrine of res judicata." *State v. Davis*, 12th Dist. Butler No. CA2012-12-258, 2013-Ohio-3878, ¶ 30.  The doctrine of res judicata provides that "a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which

resulted in that judgment of conviction, or on an appeal from that judgment." *State v. Blankenburg*, 12th Dist. Butler No. CA2012-04-088, 2012-Ohio-6175, ¶ 10.

{¶ 12} As noted above, Vandergriff argues he is entitled to postconviction relief because the plea and sentencing hearings for both of his cases should not have been heard together on the same day, the imposition of maximum and consecutive sentences was in error, and the sentences for his gross sexual imposition convictions should have merged. Vandergriff was represented by counsel in the proceedings below and could have argued these matters on direct appeal. Therefore, these claims are barred by the doctrine of res judicata. Further, the fact that Vandergriff failed to file a timely direct appeal or that we denied his motion for a delayed appeal does not change this well-recognized rule. *See State v. Franklin*, 4th Dist. Meigs No. 05CA9, 2006-Ohio-1198, ¶ 10; *State v. Vanceleve*, 12th Dist. Clermont No. CA2014-03-024, 2015-Ohio-230, ¶ 19. Vandergriff cannot raise legal challenges through a petition for postconviction relief when those issues could have been raised in a direct appeal.

{¶ 13} Consequently, the trial court did not abuse its discretion in denying Vandergriff's petition for postconviction relief. Vandergriff's sole assignment of error is overruled.

{¶ 14} Judgment affirmed.

PIPER, P.J., and HENDRICKSON, J., concur.