[Cite as *State v. Gaddy*, 2020-Ohio-430.]

# IN THE COURT OF APPEALS OF OHIO
# THIRD APPELLATE DISTRICT
# ALLEN COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,               CASE NO.  1-19-35

      v.

GREGORY T. GADDY, JR.,              O P I N I O N

      DEFENDANT-APPELLANT.

STATE OF OHIO,

      PLAINTIFF-APPELLEE,               CASE NO.  1-19-36

      v.

GREGORY T. GADDY, JR.,              O P I N I O N

      DEFENDANT-APPELLANT.

**Appeals from Allen County Common Pleas Court**
**Trial Court Nos. CR2008 0056 and CR2018 0511**

**Judgments Affirmed**

**Date of Decision:  February 10, 2020**

APPEARANCES:

      *Linda Gabriele* **for Appellant**

      *Jana E. Emerick* **for Appellee**

**SHAW, P.J.**

{¶1} Defendant-appellant, Gregory T. Gaddy, Jr. ("Gaddy"), appeals the May 28, 2019 judgment entries of sentencing issued by the Allen County Court of Common Pleas journalizing his convictions in two cases. In the first case, Gaddy entered a plea of guilty to one count of aggravated burglary with a firearm specification, a felony of the first degree, and to one count of aggravated robbery with a firearm specification, also a felony of the first degree. Upon finding that the convictions merged, the trial court proceeded on the State's election for a sentence to be imposed on Gaddy's conviction for aggravated burglary with a firearm specification. The trial court sentenced Gaddy to ten years of non-mandatory prison time for the first degree felony conviction and a mandatory three-year prison term for the firearm specification, to be served consecutively. In the second case, Gaddy entered a guilty plea to one count of failure to appear, a felony of the fourth degree. The trial court sentenced Gaddy to eighteen months of non-mandatory prison time to be served consecutive to the sentence imposed in the first case.[1]

{¶2} On appeal, Gaddy claims that the trial court erred in overruling his presentence motions to withdraw his guilty plea filed in each case. Gaddy also argues that the trial court erred in overruling his motion for substitution of counsel.

---

[1] The two trial court cases were consolidated for purposes of appeal.

-2-

*Relevant Facts and Procedural History*

{¶3} On February 14, 2008, Gaddy was indicted in case number CR2008 0056 on one count of aggravated burglary in violation of R.C. 2911.11(A)(2), a felony of the first degree, with a firearm specification listed in R.C. 2945.145(A); and one count of aggravated robbery in violation of R.C. 2911.01(A)(1), a felony of the first degree, with a firearm specification listed in R.C. 2945.145(A). The charges arose from an incident during which Gaddy and his half-brother were alleged to have committed an armed home invasion in Lima, Ohio. During the incident, a woman and her boyfriend were robbed at gunpoint, while the woman's child slept in a bedroom. The record indicates that Gaddy was re-indicted on the above two counts by the Allen County Grand Jury on April 30, 2008.

{¶4} Over ten years later, on October 19, 2018, Gaddy entered pleas of not guilty to the charges listed in the indictments in case number CR2008 0056.[2]

{¶5} On December 13, 2018, in case number CR2018 0511, the Allen County Grand Jury returned a one count indictment against Gaddy alleging that he failed to appear on March 1, 2008, as required by his recognizance bond in connection with a felony charge. Specifically, the indictment charged Gaddy with

---

[2] The record establishes that the lapse in time was due to Gaddy fleeing out of state while on bond and awaiting sentencing in a 2007 felony drug case before he could be arraigned in case number CR2008 0056, the home invasion case.

failure to appear in violation of R.C. 2937.99(A),(B), a felony of the fourth degree. Gaddy subsequently entered a plea of not guilty in case number CR2018 0511.

{¶6} Both cases proceeded to discovery and CR2008 0056, the home invasion case, was scheduled for trial on April 2, 2019.

{¶7} On March 5, 2019, Gaddy filed a *pro se* motion for substitution of counsel in CR2008 0056, requesting new appointed counsel and alleging ineffective assistance of his currently-appointed counsel.

{¶8} On March 19, 2019, the trial court conducted a pre-trial hearing and addressed Gaddy's motion. Gaddy explained to the trial court that he and his counsel "had a chance to talk" and he expressed that he did not "want to go forward with the Motion." (March 19, 2019 Tr. at 2). Gaddy orally withdrew his motion for substitute counsel on the record. In addition to resolving this motion, the State also placed on the record that it had offered a plea proposal, which Gaddy had refused.

{¶9} On April 2 and 3, 2019, the trial court conducted a jury trial on the aggravated burglary and aggravated robbery charges in case number CR2008 0056. On the first day and a half of trial, the prosecution's witnesses established that on Monday, September 3, 2007, at approximately 1:30 a.m., in Lima, Ohio, Angela Vanbuskirk and Deonco Howard were robbed at gunpoint by two unknown intruders, who entered the home through the open back patio door. The intruders

brandished firearms, forced the victims down on the floor, and stole Deonco's wallet and a small amount of money from Angela. During the course of the incident, one of the intruders shot the other, apparently by accident, causing the injured intruder to bleed all over the kitchen. After the robbery was complete, the intruders fled from the home, but their escape was impeded by a high chain link fence. The intruders dropped their guns on the ground while attempting to traverse the fence. Angela called 9-1-1. Law enforcement officers responded and located Gaddy one block from the home, lying in a neighbor's yard suffering from an apparent gunshot wound and bleeding profusely, unable to move. The two guns dropped by the intruders were collected by police. Gaddy's half-brother, Javin Mayo, was stopped by law enforcement an hour later. Mayo had blood on his shoes and socks and was in possession of one of the victim's stolen wallet and I.D. along with approximately a thousand dollars in cash.

{¶10} On the second day of trial, before the prosecution concluded the presentation of the evidence in its case-in-chief, which would have included evidence of DNA and ballistic testing results indicating that the a bullet removed from Gaddy's body matched the ballistics from one of the two recovered firearms and that Gaddy's DNA was found on both firearms, Gaddy decided to resolve the charges in case numbers CR2008 0056 and CR2018 0511 in a plea agreement. As a part of the negotiated plea, Gaddy agreed to plead guilty to the charges and

specifications listed in the indictments in case numbers CR2008 0056 (first degree felony aggravated burglary and aggravated robbery) and CR2018 0511 (fourth degree felony failure to appear). The State also conceded that the aggravated burglary and aggravated robbery charges in case number CR2008 0056 merged for purposes of sentencing and reserved the right to be heard at sentencing. The trial court proceeded to conduct a Crim.R. 11 colloquy with Gaddy and accepted Gaddy's guilty pleas in both cases. The cases were scheduled for sentencing pending the completion of a presentencing investigation.

{¶11} On May 6, 2019, Gaddy, *pro se*, filed a presentence motion to withdraw his guilty plea in case number CR2008 0056, the home invasion case, asserting that he received ineffective assistance of counsel during the trial, which he claimed resulted in him being "forced to ask for a plea deal." (CR2008 0056 Doc. No. 90 at 4).

{¶12} On May 16, 2019, with the assistance of newly appointed counsel, Gaddy filed a motion to withdraw his guilty plea in CR2018 0511, asserting similar grounds alleging inadequate representation by his prior trial counsel.

{¶13} On May 21, 2019, the trial court held a hearing on Gaddy's motions to withdraw his guilty pleas in both cases. Gaddy testified in support of his motions. The trial court took the matter under advisement.

{¶14} On May 22, 2019, the trial court issued a judgment entry overruling Gaddy's motions. The cases proceeded to sentencing on May 28, 2019. In case number CR2008 0056 the trial court imposed ten years of non-mandatory prison time for the aggravated burglary conviction and a mandatory three-year prison term for the firearm specification, to be served consecutively. In case number CR2018 0511, the trial court imposed eighteen months of non-mandatory prison time for the failure to appear conviction to be served consecutive to the sentence imposed in CR2008 0056.

{¶15} It is from these judgment entries of sentencing that Gaddy now appeals, asserting the following assignments of error.

### ASSIGNMENT OF ERROR NO. 1

**THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING THE DEFENDANT-APPELLANT'S MOTION TO WITHDRAW HIS PLEA.**

### ASSIGNMENT OF ERROR NO. 2

**THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING THE DEFENDANT-APPELLANT'S MOTION FOR SUBSTITUTE COUNSEL.**

*First Assignment of Error*

{¶16} In his first assignment of error, Gaddy argues that the trial court erred when it overruled his motions to withdraw his guilty pleas in both case numbers CR2008 0056 and CR2018 0511.

*Legal Standard*

**{¶17}** A defendant may file a presentence motion to withdraw a guilty plea. Crim.R. 32.1. Although a trial court should freely grant such a motion, the Supreme Court of Ohio has held that a defendant does not maintain an absolute right to withdraw his plea prior to sentencing. *State v. Xie*, 62 Ohio St.3d 521, 526 (1992). Instead, a trial court must hold a hearing to determine whether a "reasonable and legitimate basis" exists for the withdrawal. *Id*. at paragraph one of the syllabus.

**{¶18}** When a presentence request to withdraw a guilty plea has been made and denied, we consider several factors in reviewing a trial court's decision was proper, including: (1) whether the withdrawal will prejudice the prosecution; (2) the representation afforded to the defendant by counsel; (3) the extent of the hearing held pursuant to Crim.R. 11; (4) the extent of the hearing on the motion to withdraw the plea; (5) whether the trial court gave full and fair consideration of the motion; (6) whether the timing of the motion was reasonable; (7) the stated reasons for the motion; (8) whether the defendant understood the nature of the charges and potential sentences; and (9) whether the accused was perhaps not guilty or had a complete defense to the charges. *State v. Fischkelta*, 3d Dist. Shelby No. 17-18-08, 2019-Ohio-746, ¶ 11, citing *State v. Lane*, 3d Dist. Allen No. 1-10-10, 2010-Ohio-4819, ¶ 21, citing *State v. Griffin*, 141 Ohio App.3d 551, 554 (7th Dist.2001). *See also State v. Fish*, 104 Ohio App.3d 236, 240 (1st Dist.1995). "None of the factors is

determinative on its own and there may be numerous additional aspects 'weighed' in each case." *State v. North*, 3d Dist. Logan No. 8-14-18, 2015-Ohio-720, ¶ 16, citing *Griffin* at 554 and *Fish* at 240.

{¶19} Moreover, where a defendant challenges trial counsel's performance in connection with a plea, the defendant must meet the test for ineffective assistance of counsel. *Xie*, 62 Ohio St.3d at 524. This requires the defendant to demonstrate that counsel's performance was deficient, and that the deficient performance prejudiced the defense. *State v. Sergent*, 3d Dist. Seneca No. 13-19-20, 2019-Ohio-4717, ¶ 18, citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052 (1984). The defendant can establish the prejudice necessary for an ineffective assistance of counsel claim only by demonstrating a reasonable probability that but for counsel's deficient performance, he would not have pleaded to the offense and would have insisted on going to trial. *State v. Williams*, 8th Dist. Cuyahoga No. 100459, 2014-Ohio-3415, ¶ 11.

{¶20} It is within the sound discretion of the trial court to determine what circumstances justify granting a presentence motion to withdraw a guilty plea. *Xie* at paragraph two of the syllabus. Therefore, appellate review of a trial court's decision to deny a presentence motion to withdraw a guilty plea is limited to whether the trial court abused its discretion. *State v. Ferdinandsen*, 3d Dist. Hancock No. 5-16-08, 2016-Ohio-7172, ¶ 10, citing *State v. Smith*, 49 Ohio St.2d 261, 361 (1977).

An abuse of discretion implies that the trial court acted unreasonably, arbitrarily, or unconscionably. *State v. Adams*, 62 Ohio St.2d 151, 157-158 (1980). When applying this standard, a reviewing court may not simply substitute its judgment for that of the trial court. *State v. Adams*, 3d Dist. Defiance No. 4-09-16, 2009-Ohio-6863, ¶ 33.

*Discussion*

{¶21} Initially, we note that the record reflects Gaddy was given a full hearing in compliance with Crim.R. 11 before he entered his pleas. At the plea hearing, the trial court inquired of Gaddy regarding whether he understood the charges against him and the possible maximum penalties; Gaddy affirmed that he understood. The trial court also advised Gaddy of the effect of his plea and of the rights he was waiving by pleading guilty. Gaddy acknowledged that he understood those rights, and stated that he was entering his guilty plea of his own free will. At no point during the plea hearing did Gaddy indicate that his plea was anything other than knowing, voluntary, and intelligent. Moreover, Gaddy never expressed dissatisfaction with his trial counsel at the plea hearing.

{¶22} The record further demonstrates that the trial court gave Gaddy a complete and impartial hearing on his presentence motions to withdraw his plea, and gave full consideration to Gaddy's testimony and the arguments raised by substitute counsel in support of the motions. With regard to the failure to appear

case, which did not go to trial but was resolved as part of the plea agreement, Gaddy alleged that his trial counsel failed to collect hospital records pertaining to a medical issue he suffered while incarcerated for a 2007 felony drug case. Gaddy speculated that this evidence along with jail records would have demonstrated that he committed the failure to appear offense out of fear of dying while incarcerated, rather than simply "jumping bail." (May 21, 2019 Plea Hrg. at 8). However, Gaddy failed to offer any indication how these records would have justified the ten years he remained outside the jurisdiction of Ohio before being located and arraigned on the underlying home invasion charges.

{¶23} Gaddy also claimed that his trial counsel failed to share discovery with him—specifically that the State had a 9-1-1 call from the victim and DNA testing results from the crime scene. Gaddy argued that his lack of familiarity with the prosecution's evidence coupled with his dissatisfaction with his trial counsel's cross-examination of one of the victims led him to conclude that he no had choice but to plead guilty to the aggravated burglary and aggravated robbery charges and firearm specifications after the first day of trial rather than allowing the case to be decided by a jury. Gaddy stated his pleas were tendered out of "pure emotion" to avoid a longer prison term. (Id. at 9).

{¶24} However, on cross-examination, Gaddy admitted that trial counsel shared the DNA results and other discovery evidence with him prior to trial. Gaddy

nevertheless continued to express dissatisfaction with the chosen trial strategy and tactics of trial counsel. Notably, the transcript from the first day and a half of trial fails to substantiate Gaddy's claims that his trial counsel's performance was deficient. Moreover, the record indicates that once Gaddy stated his desire to enter into a plea agreement, trial counsel competently negotiated for a plea deal that involved the State conceding to a merger of the offenses, which reduced Gaddy's maximum prison time exposure by half.

{¶25} As a result, we find that Gaddy has failed to establish that trial counsel performed deficiently while representing him in this matter and thus has failed to substantiate his ineffective assistance of counsel claim. Accordingly, we find no abuse of discretion on the part of the trial court and we overrule the first assignment of error.

*Second Assignment of Error*

{¶26} In his second assignment of error, Gaddy claims that the trial court abused its discretion when it overruled his *pro se* motion for substitute counsel filed approximately a month before the commencement of the trial in case number CR2008 0056. As a point of clarity, we note the record reflects that the trial court addressed Gaddy's motion for new counsel at a pre-trial hearing on March 19, 2019. At this hearing, Gaddy stated on the record that he no longer intended to proceed with the motion. Specifically, the following transpired at the hearing:

> **Trial Court:  But, I did look it (the motion) over.  I want to give you the opportunity, if this is still how you want to go, well, you can explain yourself.  Is there anything you want to say in regard to the Motion that you filed?**
>
> **Gaddy:  Well, me and [Defense Counsel] had a chance to talk and I don't want to go forward with the Motion.**
>
> **Trial Court:  Okay.  So, you basically would withdraw this at this time?**
>
> **Gaddy:  Yes, sir.**

(March 19, 2019 Tr. at 2; Doc. No. 64).

{¶27} We recognize that at the hearing on his motions to withdraw his guilty pleas, nearly two months later, Gaddy alluded to this prior motion for substitute counsel in expressing his displeasure with his trial counsel's performance notwithstanding the fact that the record clearly reflects that Gaddy voluntarily withdrew the motion at the March 19, 2019 hearing.  Notably, new counsel was appointed to Gaddy after he filed his motions to withdraw his guilty pleas based on his allegations that his first trial counsel was ineffective on May 6, 2019.  However, after Gaddy withdrew the motion for substitute counsel, there was no motion pending before the trial court.[3]  Accordingly, the record simply fails to support

---

[3] On appeal, Gaddy makes reference to his statements at the May 21, 2019 hearing on his motions to withdraw his pleas that he also requested substitute counsel in his 2007 drug case, case number CR2007 0325. However, even though sentencing for that case, CR2007 0325, was handled at the same hearing as the other two cases at issue on appeal, case number CR2007 0325 is not properly before us as no notice of appeal was filed in that case.  Therefore, our review consists only of the records of case numbers CR2008 0056 and CR2018 0511.

Gaddy's claims that the trial court ever overruled his motion for substitute counsel, let alone establishing the trial court committed error in this regard. For this reason, the second assignment of error is overruled.

{¶28} Based on the foregoing, the assignments of error are overruled and judgments of the trial court are affirmed.

*Judgments Affirmed*

**PRESTON and ZIMMERMAN, J.J., concur.**

**/jlr**