[Cite as *State v. Gaddy*, 2021-Ohio-637.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    v.

GREGORY T. GADDY, JR.,

    DEFENDANT-APPELLANT.

CASE NO. 1-20-41

O P I N I O N

Appeal from Allen County Common Pleas Court
Trial Court No. CR 2008 0056

**Judgment Affirmed**

Date of Decision:  March 8, 2021

APPEARANCES:

    *Eric J. Allen* **for Appellant**

    *Jana E. Emerick* **for Appellee**

**WILLAMOWSKI, P.J.**

{¶1} Defendant-appellant Gregory T. Gaddy, Jr. ("Gaddy") brings this appeal from the judgment of the Court of Common Pleas of Allen County denying his petition for post-conviction relief. On appeal, Gaddy alleges that the trial court erred by denying the petition without holding an evidentiary hearing and by failing to prepare and file findings of fact and conclusions of law. For the reasons set forth below, the judgment is affirmed.

{¶2} On February 14, 2008, the Allen County Grand Jury indicted Gaddy on one count of Aggravated Burglary with a firearm specification in violation of R.C. 2911.11(A)(2), a felony of the first degree, and one count of Aggravated Robbery with a firearm specification in violation of R.C. 2911.01(A)(1), a felony of the first degree. Doc. 1. A warrant to arrest was issued soon after. Doc. 5. However, due to Gaddy's absence from the jurisdiction, he was not arrested until October 16, 2018. Doc. 7. On March 5, 2019, Gaddy filed a pro se motion requesting new counsel claiming that his counsel was ineffective. Doc. 39. A hearing was held on the motion. Doc. 64. Upon being questioned by the trial court, Gaddy informed the trial court that he had changed his mind and wished to withdraw his motion. *Id*.

{¶3} On April 3, 2019, Gaddy entered into a negotiated plea of guilty where he agreed to enter pleas of guilty to the offenses and the State conceded that merger applied to the two counts. Doc. 80. The trial court accepted the pleas of guilty and

set the matter for sentencing. Doc. 81. On May 6, 2019, prior to sentencing, Gaddy filed a pro se motion to withdraw his guilty plea due to claimed ineffective assistance of counsel. Doc. 90. New counsel was appointed for Gaddy and a hearing was held on the motion. Doc. 98. On May 22, 2019, the trial court overruled the motion to withdraw the guilty plea. *Id*. A sentencing hearing was held on May 28, 2019. Doc. 101. The trial court found that the counts merged and the State elected to proceed on Count 1. *Id*. The trial court then ordered Gaddy to serve an aggregate prison term of 13 years and also ordered that the sentence be served consecutive to the sentences imposed in two other cases. *Id*. Gaddy filed a notice of appeal from both the judgment entry of sentence and the denial of the motion to withdraw the guilty plea due to ineffective assistance of counsel. Doc. 104. New counsel for the purpose of appeal was appointed by the trial court. Doc. 108.

{¶4} On the direct appeal, Gaddy alleged that the trial court erred in denying his motion to withdraw his guilty plea because he was denied the effective assistance of counsel. *State v. Gaddy*, 3d Dist. Allen Nos. 1-19-35, 1-19-36, 2020-Ohio-430. Gaddy alleged that counsel was ineffective by 1) failing to collect hospital records, and by 2) failing to share discovery. *Id*. at ¶ 22-24. After reviewing the record, this Court determine that counsel was not ineffective. *Id*. at ¶ 25.

{¶5} On July 30, 2020, Gaddy filed a petition to set aside or vacate a conviction alleging that he was denied the effective assistance of counsel. Doc. 124.

Gaddy alleged that counsel 1) failed to communicate with him before he entered his plea of guilty, 2) failed to share discovery, 3) failed to adequately prepare for trial, and 4) failed to adequately cross-examine the state's key witness. *Id.* The trial court overruled the petition on the grounds of res judicata on August 17, 2020. Doc. 125. Gaddy filed a timely notice of appeal. Doc. 127. On appeal, Gaddy raises the following assignments of error.

**First Assignment of Error**

**The trial court abused its discretion in overruling [Gaddy's] petition for post-conviction relief.**

**Second Assignment of Error**

**The trial court erred in not holding an evidentiary hearing.**

**Third Assignment of Error**

**The trial court failed to prepare and file findings of fact and conclusions of law as required by R.C. 2953.21.**

As all of these assignment of errors address the denial of a petition for post-conviction relief, we will address them together.

{¶6} A petition for post-conviction relief is governed by R.C. 2953.21. Any person convicted of a criminal offense who claims that there was a denial or infringement on his rights to such a degree as to render the judgment void or voidable may file a petition for post-conviction relief. R.C. 2953.21(A)(1)(a)(i). This petition must be filed within 365 days after the date on which the trial transcript

is filed in the court of appeals in the direct appeal of the judgment of conviction. R.C. 2953.21(A)(2)(a). The petition must state in the petition all grounds for relief claimed and any non-stated grounds are waived. R.C. 2953(A)(4).

> **(D) * * * Before granting a hearing on a petition filed under division (A)(1)(a)(i), (ii), (iii), or (iv) of this section the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript. * * * If the court dismisses the petition, it shall make and file findings of fact and conclusions of law with respect to such dismissal. * * ***
>
> **\* \* \***
>
> **(F) Unless the petition and the files and records of the case show the petitioner is not entitled to relief, the court shall proceed to a prompt hearing on the issues even if a direct appeal of the case is pending. * * ***
>
> **\* \* \***
>
> **(H) If the court does not find grounds for granting relief, it shall make and file findings of fact and conclusions of law and shall enter judgment denying relief on the petition.**

R.C. 2953.21.

{¶7} Here, Gaddy claims that the trial court erred by denying his petition for post-conviction relief without a hearing and without issuing statements of fact and conclusions of law. When reviewing the determination of a trial court in reviewing a petition for post-conviction relief, the standard of review to be used is whether the

trial court abused its discretion. *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77. "An abuse of discretion is more than an error of judgment; rather it implies that the trial court's decision was unreasonable, arbitrary, or capricious." *State v. Thompson*, 3d Dist. Henry No. 7-16-10, 2017-Ohio-792, 85 N.E.3d 1108, ¶ 11. When conducting the review, the appellate court may not replace the judgment of the trial court with that of its own merely because of a disagreement as to what the outcome should have been. *Id.*

{¶8} Gaddy claims in his petition that he was denied the effective assistance of counsel before he entered his guilty pleas and thus he should be allowed to withdraw his guilty pleas. However, a review of the record shows that Gaddy raised the issue of ineffective assistance of counsel before the trial court and was given a full hearing on it. In his direct appeal, Gaddy challenged the trial court's denial of his motion to withdraw his guilty plea due to ineffective assistance of counsel and his request for new counsel. The issues raised in this appeal are very similar to those raised on direct appeal. This Court has already determined that Gaddy was not denied the effective assistance of counsel.

> **Gaddy also claimed that his trial counsel failed to share discovery with him—specifically that the State had a 9-1-1 call from the victim and DNA testing results from the crime scene. Gaddy argued that his lack of familiarity with the prosecution's evidence coupled with his dissatisfaction with his trial counsel's cross-examination of one of the victims led him to conclude that he had no choice but to plead guilty to the aggravated burglary and aggravated robbery charges and firearm specifications after the**

**first day of trial rather than allowing the case to be decided by a jury. Gaddy stated his pleas were tendered out of "pure emotion" to avoid a longer prison term. (Id. at 9).**

**However, on cross-examination, Gaddy admitted that trial counsel shared the DNA results and other discovery evidence with him prior to trial. Gaddy nevertheless continued to express dissatisfaction with the chosen trial strategy and tactics of trial counsel. Notably, the transcript from the first day and a half of trial fails to substantiate Gaddy's claims that his trial counsel's performance was deficient. Moreover, the record indicates that once Gaddy stated his desire to enter into a plea agreement, trial counsel competently negotiated for a plea deal that involved the State conceding to a merger of the offenses, which reduced Gaddy's maximum prison time exposure by half.**

**As a result, we find that Gaddy has failed to establish that trial counsel performed deficiently while representing him in this matter and thus has failed to substantiate his ineffective assistance of counsel claim.**

*Gaddy, supra* at ¶ 23-25.

{¶9} Pursuant to the doctrine of *res judicata*, a convicted defendant who was represented by counsel may not raise in any proceeding, except a direct appeal, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at trial. *State v. Reynolds,* 3d Dist. Putnam No. 12-01-11, 2002-Ohio-2823, ¶ 14. "Furthermore, a defendant's failure to appeal a judgment of conviction bars as res judicata any subsequent attempt to litigate issues that could have been raised on direct appeal." *Id.* "More simply put, claims that were or could have been raised at trial or on direct appeal are not permitted in a post-conviction review." *Id.* at ¶ 15. Here, Gaddy is arguing in his petition the same

issues that he argued on direct appeal. As this court has already overruled those objections, the doctrine of *res judicata* prevents them from being relitigated. Thus, there were not substantive grounds for granting the petition, so the trial court did not err in denying it. The first assignment of error is overruled.

{¶10} Gaddy also argues that the trial court should have held an evidentiary hearing before denying his petition. A trial court may dismiss a petition for post-conviction relief without a hearing where the doctrine of *res judicata* bars the consideration of the claims made in the petition. *Sate v. Lawson*, 103 Ohio App.3d 307, 313, 659 N.E.2d 362 (12th Dist. 1995). The language in R.C. 2953.21 provides that an evidentiary hearing is only necessary if there are substantive claims to be reviewed. As the trial court correctly determined that *res judicata* barred consideration of Gaddy's substantive claims, the trial court was authorized by statute to rule without holding an evidentiary hearing. The second assignment of error is thus overruled.

{¶11} Finally, Gaddy claims that the trial court erred by not making findings of fact and conclusions of law. This court agrees that the statute requires the trial court to do so. This court also acknowledges that the trial court did not specifically file a document labelled findings of fact and conclusions of law. However, there is no requirement in the statute that the document be so labelled. A review of the record shows that the trial court's judgment entry denying the petition fully set forth

the facts, the law, and appropriately applied the law to the facts. Thus, the trial court did, in effect, file findings of fact and conclusions of law. The third assignment of error is overruled.

{¶12} Having found no error prejudicial to the appellant, the judgment of the Court of Common Pleas of Allen County is affirmed.

***Judgment Affirmed***

**ZIMMERMAN and MILLER, J.J., concur.**

**/hls**