[Cite as *State v. Williams*, 2024-Ohio-2676.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

SHAY M. WILLIAMS,

    DEFENDANT-APPELLANT.

CASE NO. 1-23-56


**O P I N I O N**

---

Appeal from Allen County Common Pleas Court
Trial Court No. CR 2018 0262

**Judgment Affirmed**

**Date of Decision:  July 15, 2024**

---

APPEARANCES:

    *Shay M. Williams,* **Appellant**

    *John R. Willamowski, Jr.* **for Appellee**

**BALDWIN, J.**

**{¶1}** Defendant-appellant Shay M. Williams ("Williams") appeals the decision of the Allen County Court of Common Pleas denying his petition for post-conviction relief. The State of Ohio is plaintiff-appellee.

### STATEMENT OF THE FACTS AND CASE

**{¶2}** On November 14, 2019, Williams pled guilty to two counts of trafficking in cocaine in violation of R.C. 2925.03(A)(1), third-degree felonies; one count of trafficking in cocaine in violation of R.C. 2925.03(A)(1), a fourth-degree felony; one count of possession of cocaine in violation of R.C. 2925.11(A), a third-degree felony; and one count of possession of cocaine in violation of R.C. 2925.11(A), a first-degree felony. Doc. 162. As part of a plea agreement, the parties stipulated to an agreed sentence. Doc. 161.

**{¶3}** On January 9, 2020, the trial court issued its judgment entry of sentencing. Doc. 173. The trial court imposed five prison terms to be served consecutively. On November 5, 2020, Williams filed a direct appeal that was later dismissed as being untimely filed. Doc. 177, 182. On August 25, 2021, Williams filed a motion for a delayed appeal. Doc. 184. Since he did not provide sufficient reasons for his failure to timely file an appeal, this motion was denied. Doc. 188.

**{¶4}** On August 3, 2023, Williams filed a petition for post-conviction relief, arguing he was denied his right to the effective assistance of counsel and challenging

his sentence. Doc. 189. On August 7, 2023, the trial court denied the petition, finding that Williams had not alleged facts that would permit review of an untimely petition and that res judicata barred the arguments he raised.[1] Doc. 190.

{¶5} Williams filed his notice of appeal on August 28, 2023 and raised the following three assignments of error:

> **I. Williams's guilty plea was entered in violation of the due process and equal protections of the Fourteenth and Sixth Amendments to the United States Constitution and Article I, Section 10, 16 of the Ohio Constitution as a direct result of being deprived 'effective assistance of counsel.'**
>
> **II. The trial court erred to the prejudice of Williams in abusing its discretion when it dismissed defendant-appellant's petition for post-conviction relief without first setting forth its findings of facts and conclusions of law relative claims for relief relied upon prior to jurisdictional defects in violation of appellant's rights of the due process and equal protections under the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution.**
>
> **III. Appellant suffered a deprivation of the constitutional right to effective assistance of counsel under the Sixth Amendment of the United States Constitution when defense counsel was silent to the court's imposition of the terms imposed in the plea agreement, while the trial court's attempted sentence is contrary to law because it imposed consecutive sentencing before issuing the statutorily required findings.**

---

[1] "Trial courts should dismiss untimely postconviction petitions for lack of jurisdiction; nevertheless, a trial court does not commit reversible error by denying an untimely postconviction petition." *State v. Jackson*, 2020-Ohio-4015, ¶ 15 (3d Dist.).

**I, III.**

{**¶6**} Since the matters in the first and third assignments of error are related, we will consider these arguments together. Williams argues that the trial court erred in denying his petition and in failing to hold an evidentiary hearing. We disagree.

**ANALYSIS**

{**¶7**} "Postconviction review is not a constitutional right, but is a collateral civil attack on a judgment that is governed solely by R.C. 2953.21." *State v. Keith*, 2008-Ohio-741, ¶ 24 (3d Dist.). R.C. 2953.21(A)(1)(a)(i) permits "[a]ny person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States" to file a petition for post-conviction relief.

{**¶8**} However, "[a] petition for postconviction relief is subject to strict timeliness requirements." *State v. Cunningham*, 2016-Ohio-3106, ¶ 12 (3d Dist.). If no direct appeal was taken, a petition filed pursuant to R.C. 2953.21(A)(1)(a)(i) "shall be filed no later than three hundred sixty-five days after the expiration of the time for filing the appeal." R.C. 2953.21(A)(2)(a). "A trial court lacks jurisdiction to entertain an untimely or successive petition for postconviction relief unless the petitioner establishes that one of the exceptions in R.C. 2953.23(A) applies." *Cunningham* at ¶ 13, quoting *State v. Chavis*, 2015-Ohio-5549, ¶ 14 (10th Dist.).

-4-

**{¶9}** A trial court may consider an untimely petition under R.C. 2953.23(A)(1) if "[b]oth of the following apply:"

> (a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in * * * [R.C. 2953.21(A)(2)], the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

> (b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

R.C. 2953.23(A)(1). Further, a trial court may consider an untimely petition under R.C. 2953.23(A)(2) if

> [t]he petitioner was convicted of a felony, the petitioner is an offender for whom DNA testing was performed * * * and analyzed in the context of and upon consideration of all available admissible evidence related to the inmate's case * * *, and the results of the DNA testing establish, by clear and convincing evidence, actual innocence of that felony offense or, if the person was sentenced to death, establish, by clear and convincing evidence, actual innocence of the aggravating circumstance or circumstances the person was found guilty of committing and that is or are the basis of that sentence of death.

> * * *

R.C. 2953.23(A)(2). "Once a court has determined that a petition is untimely and no exception applies, no further inquiry into the merits of the case is necessary." *State v. McRae*, 2022-Ohio-2918, ¶ 11 (3d Dist.).

> We review a decision to grant or deny a petition for postconviction relief, including the decision whether to afford the petitioner a hearing, under an abuse-of-discretion standard.  * * *  But whether a trial court has subject-matter jurisdiction to entertain an untimely, second, or successive petition for postconviction relief is a question of law, which we review de novo.  * * *

(Citations omitted.)  *State v. Hatton*, 2022-Ohio-3991, ¶ 38.

**{¶10}** In this case, Williams was sentenced on January 9, 2020 but did not file his petition for post-conviction relief until August 3, 2023.  Doc. 173, 189. Thus, his petition was untimely under R.C. 2953.21(A)(2).  In its judgment entry, the trial court correctly concluded that Williams did not allege any facts or arguments that could establish that a timeliness exception in R.C. 2953.23(A) was applicable.  For this reason, the trial court did not err in concluding that it did not have jurisdiction to consider this untimely petition.

**{¶11}** Further, the trial court also noted that the arguments in the petition could have been raised on direct appeal and were, therefore, barred by res judicata.

> Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any [claim] that was raised or could have been raised * * * on an appeal from that judgment.

(Bracket sic.)  *State v. Cook*, 2022-Ohio-97, ¶ 13 (3d Dist.), quoting *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus.

> Although a defendant may challenge his conviction and sentence by either a direct appeal or a petition for postconviction relief, any claims raised in a postconviction relief petition will be barred by res judicata where the claim was or could have been raised on direct appeal.

*Cook* at ¶ 13, quoting *State v. Schwieterman*, 2010-Ohio-102, ¶ 23 (3d Dist.). The doctrine of res judicata can apply even where no direct appeal was filed. *See State v. Yates,* 2019-Ohio-2631, ¶ 14-16 (3d Dist.); *State v. Lewis,* 2024-Ohio-674, ¶ 3, 14 (5th Dist.); *State v. Stafford*, 2023-Ohio-2062, ¶ 10 (8th Dist.); *State v. Vandergriff*, 2015-Ohio-3177, ¶ 12 (12th Dist.).

**{¶12}** In its judgment entry, the trial court correctly concluded that the petition contained arguments that were entirely based on the contents of the record and did not present an ineffective assistance of counsel claim based on evidence dehors the record.[2] Thus, these matters could have been raised in a direct appeal. Having examined the petition, we conclude that the trial court did not err in finding that the arguments in Williams's petition were barred by res judicata.

**{¶13}** Finally, Williams asserts that the trial court erred by failing to hold an evidentiary hearing on his petition. However, "[a] petitioner is not entitled to an evidentiary hearing simply because he or she filed a petition for post-conviction relief." *State v. Bender*, 2021-Ohio-1931, ¶ 7 (3d Dist.).

> A trial court may dismiss a petition for post-conviction relief without a hearing where the doctrine of res judicata bars the consideration of the claims made in the petition. * * * The language in R.C. 2953.21 provides that an evidentiary hearing is only necessary if there are substantive claims to be reviewed.

---

[2] The trial court also pointed out that the sentence Williams received was the result of "an agreed (jointly recommended) sentence" that was "not subject to review under R.C. 2953.08(D)." (Doc. 190).

(Citation omitted.) *State v. Gaddy*, 2021-Ohio-637, ¶ 10 (3d Dist.). Similarly, a trial court does not err in denying a petition for post-conviction relief without an evidentiary hearing where an untimely petition does not fall within an exception in R.C. 2953.23. *State v. Avery*, 2004-Ohio-4165, ¶ 14 (3d Dist.); *Jackson*, *supra*, at ¶ 49. Since a timeliness exception in R.C. 2953.23 is not applicable and res judicata bars the claims in the petition, the trial court did not err by failing to hold an evidentiary hearing. *Id*.

{¶14} Having found the arguments raised herein to be without merit, the first and third assignments of error are overruled.

## II.

{¶15} In his second assignment of error, Williams argues that the trial court erred in failing to issue findings of fact and conclusions of law in its judgment entry denying his petition. We disagree.

## ANALYSIS

{¶16} "[A] trial court has 'no legal duty' to issue findings of fact and conclusions of law when dismissing or denying an untimely petition for postconviction relief." *State v. Morton*, 2022-Ohio-2358, ¶ 13 (8th Dist.). *See also State v. Snuggs*, 2016-Ohio-5466, ¶ 5 (3d Dist.), citing *State ex rel. Kimbrough v. Greene*, 2002-Ohio-7042, ¶ 6. In this case, Williams did not timely file his petition and did not establish that an exception from R.C. 2953.23(A) was applicable. Thus,

Williams has not established that the trial court erred by disposing of his petition for post-conviction relief without setting forth findings of fact and conclusions of law.

{¶17} Having found the arguments raised herein to be without merit, the second assignment of error is overruled.

### CONCLUSION

{¶18} Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Allen County Court of Common Pleas is affirmed.

*Judgment Affirmed*

**ZIMMERMAN and MILLER, J.J., concur.**

**/hls**

**\*\* Judge Craig Baldwin of the Fifth District Court of Appeals, sitting by Assignment of the Chief Justice of the Supreme Court of Ohio.**