[Cite as *State v. Anderson*, 2025-Ohio-1254.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

    v.                                    :

No. 113887

ORIE ANDERSON,                        :

    Defendant-Appellant.       :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 10, 2025

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-07-504304-A

***Appearances:***

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Gregory J. Ochocki, Assistant Prosecuting
Attorney, *for appellee.*

Kimberly Kendall Corral and Gabrielle M. Ploplis, *for
appellant.*

EMANUELLA D. GROVES, P.J.:

{¶ 1} Defendant-appellant, Orie Anderson ("Anderson"), appeals the denial of his untimely petition for postconviction relief. For the reasons that follow, we affirm the decision of the trial court.

**Procedural History**

{¶ 2} In November 2008, Anderson was convicted by a jury of murder in violation of R.C. 2903.02(A) with one- and three-year firearm specifications and having weapons while under disability in violation of R.C. 2923.13(A)(2). After merging the firearm specifications, Anderson was sentenced to an aggregate term of 18 years to life with the possibility of parole. Anderson appealed his conviction and challenged the weight and sufficiency of the evidence and the admission of testimony challenging his truthfulness; he also claimed ineffective assistance of counsel. *State v. Anderson*, 2010-Ohio-66 (8th Dist.). This court affirmed the convictions. *Id.* at ¶ 40.

{¶ 3} Anderson filed an application for reopening, arguing he received ineffective assistance of appellate counsel. This court denied the motion finding that Anderson failed to establish he was prejudiced by his counsel's decision not to raise a speedy-trial issue where the claim did not have merit. *State v. Anderson*, 2010-Ohio-3863, ¶ 11 (8th Dist.).

{¶ 4} On October 10, 2013, Anderson, pro se, filed for leave to file a delayed motion for a new trial. The trial court denied the motion for leave to file on October 30, 2013. On August 14, 2014, Anderson, through counsel, filed a second motion for leave to file a motion for new trial instanter, with a copy of the proposed motion attached. The trial court denied the motion, noting, "Defendant's motion for new trial is denied." Trial Court's October 20, 2014 Journal Entry.

**{¶ 5}** On August 10, 2023, Anderson filed a petition for postconviction relief. The State filed a brief in opposition on September 13, 2023. On April 1, 2024, the trial court denied the petition finding that it did not have subject-matter jurisdiction. Anderson appeals and assigns the following errors for our review.

## Assignment of Error No. 1

The trial court abused its discretion in failing to hold an evidentiary hearing pursuant to the filing of Mr. Anderson's post-conviction petition.

## Assignment of Error No. 2

The trial court abused its discretion in applying the doctrine of res judicata where the interests of justice favor consideration of Anderson's claims.

**Law and Analysis**

**Petition for Postconviction Relief**

**Standard of Review**

**{¶ 6}** Our standard of review on the decision to deny a postconviction-relief petition is whether the trial court abused its discretion. *State v. Hatton*, 2022-Ohio-3991, ¶ 38. A court abuses its discretion when its decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217 (1983). However, before we can determine whether the trial court should have held a hearing, we must address the issue of subject-matter jurisdiction. We review the trial court's decision finding it lacked subject-matter jurisdiction to hear an untimely, second, or successive postconviction-relief petition under the de novo standard of review because it is a question of law. *Id.*

**Analysis**

{¶ 7} A convicted defendant may file a postconviction-relief petition to assert a "denial or infringement of constitutional rights sufficient to render his conviction void or voidable." *Id.* at ¶ 37, citing R.C. 2953.21(A)(1)(a). Such a petition must be filed within 365 days of the date the trial transcript is filed with the court of appeals in the direct appeal. R.C. 2953.21(A)(2)(a). In the instant case, Anderson filed the transcript in his direct appeal on February 27, 2009. Accordingly, Anderson's 2023 petition for postconviction relief is untimely.

{¶ 8} Untimely postconviction-relief petitions are governed by R.C. 2953.23. A trial court may not entertain an untimely petition for postconviction relief under R.C. 2953.23(A)(1) unless both of the following apply: (a) the petitioner shows that he was unavoidably prevented from discovering the facts he relies on to support his claim for relief or, after the expiration of the time limit in R.C. 2953.21, the United States Supreme Court recognizes a new federal or State right that applies retroactively to the petitioner's situation; and (b) the petitioner establishes by clear and convincing evidence that but for a constitutional error, no reasonable factfinder would have found him guilty of the offense of which he was convicted. R.C. 2953.23(A)(1)(a) and (b).[1]

{¶ 9} The requirements of R.C. 2953.23 are jurisdictional. "[A] petitioner's failure to satisfy R.C. 2953.23(A) deprives a trial court of jurisdiction to adjudicate

---

[1] A petitioner may also obtain consideration by the court under R.C. 2953.23(A)(2); however, that section addresses a subsequent DNA analysis, which is not a factor in this case.

the merits of an untimely or successive postconviction petition." *State v. Apanovitch*, 2018-Ohio-4744, ¶ 36. Further, a trial court may deny a petition for postconviction relief without a hearing when an untimely petition does not meet the requirements of R.C. 2953.23. *State v. Williams*, 2024-Ohio-2676, ¶ 13 (3d Dist.).

**Defendant Unavoidably Prevented From Discovering the Facts Supporting His Petition, R.C. 2953.23(A)(1)(a)**

{¶ 10} In his petition before the trial court, Anderson argued in the alternative. Specifically, he argued that he had not received police reports that included statements from the State's key witnesses that allegedly contradicted their trial testimony or, if his attorney did have the reports, he was ineffective for failing to use them to impeach those witnesses at trial.

{¶ 11} Ordinarily, a defendant need only show that "he was unaware of the evidence upon which he is relying and that he could not have discovered the evidence by exercising reasonable diligence." *State v. Dye*, 2024-Ohio-3191, ¶ 22 (8th Dist.). However, when a defendant claims that there was undisclosed material under *Brady v. Maryland,* 373 U.S. 83, 83 (1963),[2] "the prosecution has an affirmative duty to disclose evidence that is favorable to the accused and material to the accused's guilt or punishment" and the defendant is not required to search for that undisclosed evidence. *Dye* at ¶ 23, citing *Brady* at 87, and *State v. Bethel*, 2022-Ohio-783. The duty to disclose applies to impeachment evidence and encompasses

---

[2] Anderson does not raise the *Brady* issue in his brief but he did raise it in his petition before the trial court; accordingly, as part of our de novo review, we will address it.

evidence known to the police but not to prosecutors; it also applies whether the evidence was suppressed by the State willfully or inadvertently. *Id.*, citing *Strickler v. Greene*, 527 U.S. 263, 280-281, 286 (1999).

{¶ 12} In this type of claim, a defendant satisfies the "unavoidably prevented" requirement of R.C. 2953.23(A)(1)(a) "by establishing that the prosecution suppressed the evidence on which the defendant relies." *Id.* at ¶ 24, citing *Bethel* at ¶ 25.

{¶ 13} Here, Anderson vacillates between claiming that he never received exculpatory evidence contained in police reports and claiming that if his lawyer had those reports, he failed to use them at trial. Additionally, Anderson failed to indicate when and how he obtained the reports and excluded any affidavits from people with firsthand knowledge, including himself, to support his claim that he never received the reports. Unsubstantiated and self-serving allegations are insufficient to establish entitlement to an evidentiary hearing. *State v. Walter*, 2020-Ohio-6741, ¶ 9 (8th Dist.). Based on the foregoing, we cannot find that Anderson established that the State suppressed the evidence on which Anderson relies.

{¶ 14} Additionally, Anderson has failed to establish that he was unavoidably prevented from discovering some of the evidence on which he relies. Specifically with respect to the testimony of Alonzo Tate ("Tate"), the inconsistencies in his statements were addressed at trial. Tate was the first to identify Anderson as the shooter. However, prior to trial, Tate met with Anderson's attorney and signed a statement that averred Anderson was not present when the shooting occurred.

Nevertheless, at trial, Tate testified that Anderson was the shooter. Anderson, through counsel, cross-examined Tate about his inconsistent statements. After the conviction, in 2012, Anderson obtained an interview with Tate in which he allegedly recanted his trial testimony and explained that he lied because he overheard Anderson's attorney make disparaging remarks about him. However, the interview transcript ("transcript") appears to be a draft because it is not signed by the court reporter. Additionally, there was no accompanying affidavit from a person with personal knowledge affirming the facts alleged in the transcript.

{¶ 15} Anderson attached a copy of the complete transcript to the 2014 motion for leave to file a motion for new trial. He also attached excerpts from that transcript to his petition for postconviction relief. Ultimately, Tate's status as an unreliable witness was known at the time of trial. Furthermore, Anderson was able to cross-examine Tate regarding his inconsistent statements.

{¶ 16} Anderson has failed to establish that the State suppressed the evidence on which he relies, as is necessary for a *Brady* claim. Accordingly, Anderson failed to meet the requirement under R.C. 2953.23(A)(1)(a) necessary to obtain the jurisdiction of the court. We need not consider the requirements of R.C. 2953.23(A)(1)(b) because both sections (a) and (b) are necessary. An evidentiary hearing is not required where the defendant fails to meet the requirements of R.C. 2953.23(A). Anderson's first assignment of error is overruled.

**Res Judicata**

{¶ 17} In the second assignment of error, Anderson challenges the State's argument in its brief before the trial court alleging his claims were barred by res judicata. However, this issue was raised by the State solely at the briefing stage. The trial court never reached the merits of this argument because it found the motion was untimely and summarily denied Anderson's petition for lack of jurisdiction. Consequently, the trial court made no decision on the State's res judicata claim. "Generally, a claim is not ripe if it depends on 'future events that may not occur as anticipated or may not occur at all.'" *Kalnasy v. MetroHealth Med. Ctr.*, 2008-Ohio-3035, ¶ 5 (8th Dist.), quoting *Texas v. U.S.*, 523 U.S. 296 (1998). Since the trial court did not address the merits of the res judicata claim, this issue is not ripe for review. Therefore, the second assignment of error is overruled.

{¶ 18} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EMANUELLA D. GROVES, PRESIDING JUDGE

MICHAEL JOHN RYAN, J., and
KATHLEEN ANN KEOUGH, J., CONCUR